## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------------x
                                                                          :

WEYERHAEUSER COMPANY, a Washington
corporation,
                                                             :

                                  Plaintiff,      :  C.A. No. 14-00024-SLR

         v.                                         :

DOMTAR CORPORATION, a Delaware corporation,  :
and DOMTAR PAPER COMPANY, LLC, a Delaware
limited liability company,                       :

                                Defendants.   :

-------------------------------------------------------------------------x

## DEFENDANTS DOMTAR CORPORATION AND DOMTAR PAPER COMPANY, LLC's
## OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

OF COUNSEL:

Gary W. Kubek
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
gwkubek@debevoise.com
cmdankwo@debevoise.com

Gregory P. Williams (#2168)
Chad M. Shandler (#3796)
Katharine C. Lester (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
shandler@rlf.com
lester@rlf.com

Dated: February 21, 2014

*Attorneys for Defendants Domtar Corporation
and Domtar Paper Company, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

SUMMARY OF ARGUMENT ..............................................................................1

FACTS ALLEGED IN THE COMPLAINT ............................................................2

ARGUMENT ......................................................................................................4

I.      UNDER THE AGREEMENTS, WEYERHAEUSER RETAINED LIABILITY
FOR WORKERS COMPENSATION CLAIMS OF RETIRED EMPLOYEES. ...............4

        A.     Domtar Assumed Responsibility Only for Claims by Transferred
Employees.......................................................................................... 5

        B.     Other Provisions of the Agreements Relied on by Weyerhaeuser Do Not
Support Its Claim. ............................................................................... 7

II.     WEYERHAEUSER'S CLAIM WITH RESPECT TO WORKERS
COMPENSATION LIABILITIES THAT ACCRUED PRIOR TO JANUARY 15,
2011 IS BARRED BY THE STATUTE OF LIMITATIONS...........................................9

III.    WEYERHAEUSER FAILS TO STATE A CLAIM WITH RESPECT TO
ADMINISTRATION OF WORKERS COMPENSATION CLAIMS FOR
TRANSFERRED EMPLOYEES.......................................................................9

CONCLUSION.................................................................................................10

## TABLE OF AUTHORITIES

CASES

*Alta Berkeley VI C.V. v. Omneon, Inc.*,
    41 A.3d 381 (Del. 2012) ...............................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................4, 10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................4, 10

*DCV Holdings, Inc. v. ConAgra, Inc.*,
    889 A.2d 954 (Del. 2005) .............................................................................8

*Elliott Assocs., L.P. v. Avatex Corp.*,
    715 A.2d 843 (Del. 1998) .............................................................................7

*GRT, Inc. v. Marathon GTF Technology, Ltd.*,
    No. 5571–CS, 2012 WL 2356489 (Del. Ch. June 21, 2012) .....................7

*Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*,
    62 A.3d 62 (Del. Ch. 2013) ..........................................................................9

*O/E Systems, Inc. v. Inacom Corp.*,
    179 F. Supp. 2d 363 (D. Del. 2002) .............................................................2

*Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*,
    998 F.2d 1192 (3d Cir. 1993) .......................................................................2

*Rhone-Poulenc Basic Chemicals Co. v. American Motorists Insurance Co.*,
    616 A.2d 1192 (Del. 1992) ...........................................................................6

*Sonitrol Holding Co. v. Marceau Investissements*,
    607 A.2d 1177 (Del. 1992) ...........................................................................7

STATUTES AND RULES

10 *Del. C.* § 8106(a) .........................................................................................9

19 *Del. C.* § 2301 ........................................................................................5, 8

Fed. R. Civ. P. 8(a)(2) ....................................................................................4

Fed. R. Civ. P. 12(b)(6) ..................................................................................1

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for breach of contract filed on January 15, 2014 by Plaintiff Weyerhaeuser Company ("Weyerhaeuser") alleging that Defendants Domtar Corporation and Domtar Paper Company, LLC (together, "Domtar") breached certain provisions of agreements pursuant to which Domtar acquired the assets of the fine paper business of Weyerhaeuser in 2007.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants respectfully submit this brief in support of their motion to dismiss the Complaint ("Complaint") with prejudice.

## SUMMARY OF ARGUMENT

1. According to the plain language of the agreements governing the transaction, Domtar did not assume liability for workers compensation claims of employees who retired or left their employment before Domtar purchased the fine paper business. Weyerhaeuser's reliance on other general provisions of the agreements cannot overcome the effect of the specific provisions governing responsibility for workers compensation and other employment-related liabilities.

2. Weyerhaeuser is barred by Delaware's three-year statute of limitations for contractual claims from asserting claims that accrued prior to January 15, 2011.

3. Weyerhaeuser's allegations concerning Domtar's purported failure to pay administrative expenses for the workers compensation claims of Transferred Employees are not sufficient to state a claim.

1

## FACTS ALLEGED IN THE COMPLAINT

The allegations set forth in the Complaint that are germane to this motion are as follows:

On March 7, 2007, Weyerhaeuser transferred its fine paper business to Domtar in a series

of transactions (the "Sale") governed, in all relevant respects, by an Amended and Restated

Contribution Agreement (the "Contribution Agreement") and an Amended and Restated

Transaction Agreement (the "Transaction Agreement," and together with the Contribution

Agreement, the "Agreements"), both dated as of January 25, 2007.  Compl. ¶¶ 8-12, 26;

Declaration of Courtney M. Dankworth, dated Feb. 21, 2014 ("Dankworth Decl."), Exs. A & B.[1]

Both Agreements are expressly governed by Delaware law.  Dankworth Decl. Ex. A § 9.07,

Ex. B § 9.08.

There are three categories of U.S. employees relevant to this action, Compl. ¶ 24, and

there is no dispute with respect to two of those categories.  First, Domtar accepts responsibility

for workers compensation claims asserted after the Sale by employees who worked for

Weyerhaeuser's U.S. fine paper business at the time of the Sale and continued to work for

Domtar after the Sale ("Transferred Employees").  *Id.* ¶¶ 24-25; Dankworth Decl. Ex A

§ 2.03(a)(vii).  Second, under Section 6.09(a)(iii) of the Transaction Agreement, Domtar also

assumed responsibility for workers compensation payments to U.S. fine paper employees who

---

[1]     The Court may consider the full contents of these Agreements, which are referred to and
relied on in the Complaint, in ruling on a motion to dismiss.  "Otherwise, a plaintiff with a
legally deficient claim could survive a motion to dismiss simply by failing to attach a
dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol.
Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an
undisputedly authentic document that a defendant attaches as an exhibit to a motion to
dismiss if the plaintiff's claims are based on the document"); *O/E Sys., Inc. v. Inacom Corp.*,
179 F. Supp. 2d 363, 367 n.2 (D. Del. 2002) (same).

were employed but not actively working, and who were receiving workers compensation payments, at the time of the Sale *only if* they returned to work for Domtar following the Sale and thus became Transferred Employees:

> Newco Employees employed in the United States who are absent from work and receiving workers compensation benefits related to such absence ("U.S. WC Newco Employees") will not become Transferred Employees until such time, if any, as they are determined by the relevant insurer to be able to return to employment and present themselves for re-employment . . . . Prior to such time, Weyerhaeuser shall retain all liability with respect to providing workers compensation benefits to U.S. WC Newco Employees to the extent the U.S. WC Newco Employees are eligible to receive such benefits.

Compl. ¶¶ 26-27; Dankworth Decl. Ex. B § 6.09(a)(iii). If those employees never went to work for Domtar and thus did not become Transferred Employees, Weyerhaeuser remained responsible for their workers compensation claims. Compl. ¶ 28.

Third, many former employees had retired or otherwise left employment with the fine paper business before the Sale (referred to as "Retired Employees" in the Complaint), and thus never became Transferred Employees. Compl. ¶ 30. Weyerhaeuser alleges that it did not retain workers compensation liability for Retired Employees but that such liability was transferred to Domtar. *Id.* ¶¶ 36. Weyerhaeuser further alleges that since the Sale, it "has tendered to Domtar dozens of workers compensation claims relating to Retired Employees," which Domtar has rejected or failed to accept, *id.* ¶¶ 38-39, and Weyerhaeuser therefore has paid workers compensation claims relating to the Retired Employees. *Id.* ¶ 40. As discussed below, the Complaint relies on several provisions of the Agreements, but it fails even to mention Section 2.03(a)(vii) of the Contribution Agreement, which expressly governs liability for workers compensation claims.

3

In addition, Weyerhaeuser alleges that it has administered, at its own expense, workers compensation claims by the Transferred Employees for Domtar, Compl. ¶ 51, and that Domtar has refused to reimburse Weyerhaeuser for these expenses. *Id.* ¶ 57. However, the Complaint does not specify the amount of such allegedly unpaid expenses, does not allege that Weyerhaeuser made any demand for payment by Domtar, and does not allege the existence of or attach any unpaid invoices for the administration of Transferred Employees' claims.

## ARGUMENT

A court should dismiss a complaint that, even if the facts alleged are "accepted as true," fails to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, the complaint's allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## I.   UNDER THE AGREEMENTS, WEYERHAEUSER RETAINED LIABILITY FOR WORKERS COMPENSATION CLAIMS OF RETIRED EMPLOYEES.

The only provisions of the Agreements that address liability for workers compensation claims establish that Domtar assumed workers compensation liability only for Transferred Employees, and Weyerhaeuser retained responsibility for claims by Retired Employees. Weyerhaeuser's position that Domtar assumed liability for Retired Employees' claims, based on various general provisions of the Agreements regarding liabilities, is inconsistent with the more specific provisions related to workers compensation and is also illogical.

4

A.      **Domtar Assumed Responsibility Only for Claims by Transferred Employees.**

Under Section 2.03(a)(vii) of the Contribution Agreement, Domtar assumed

responsibility for "all employment and employee benefit-related Liabilities with respect to

Transferred Employees and their dependents and beneficiaries (regardless of when or whether

such Liabilities arose, arise, were or are incurred)."  Dankworth Decl., Ex. A § 2.03(a)(vii).  The

definition of Transferred Employees does not include Retired Employees.  *See* Dankworth Decl.,

Ex. B § 6.09(a) ("the term 'Transferred Employee' shall refer to each Newco Employee who, at

the [time of the Sale], is employed with Newco or its subsidiaries").[2]

Workers compensation claims are an employment-related liability, as is clear not only

from the ordinary understanding of the purpose of workers compensation,[3] but also from Section

4.12(c) of the Transaction Agreement, which expressly includes workers compensation in a list

of employment-related compliance matters warranted by Weyerhaeuser:

> Weyerhaeuser and each Weyerhaeuser Subsidiary is in compliance
> with all laws, regulations, rules and orders of all Governmental
> Entities *relating to the employment of the Newco Employees,*
> *including without limitation laws, regulations rules and orders*
> *relating to* wages, hours, collective bargaining, discrimination,
> civil rights, safety and health, worker notification requirements,
> immigration, *workers' compensation*, layoffs and the collection
> and payment of withholding Taxes and similar Taxes, except
> where the failure to be in compliance, individually or in the

---

[2]  The definition of "Transferred Employee" in the Transaction Agreement also applies to the
Contribution Agreement.  *See* Dankworth Decl., Ex. A, Article I, at p. 12.

[3]  For example, the Delaware workers compensation statute provides that "Every employer
and employee, adult and minor, except as expressly excluded in this chapter, shall be bound
by this chapter respectively to pay and to accept compensation for personal injury or death
by accident *arising out of and in the course of employment*, regardless of the question of
negligence and to the exclusion of all other rights and remedies."  19 *Del. C.* § 2304
(emphasis added).

aggregate, has not had and would not reasonably be expected to have an Newco Material Adverse Effect.

Dankworth Decl. Ex. B § 4.12(c) (emphases added).

Because workers compensation claims are an employment-related liability, they are covered by the specific provisions of Section 2.03(a)(vii) of the Contribution Agreement, and thus Domtar is responsible for workers compensation benefits only for persons who became Transferred Employees. Domtar's position finds direct and unambiguous support in the plain language of the Contribution Agreement, and this Court should decline to torture that language to impart ambiguity. *See Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

The conclusion that Domtar did not assume liability for claims relating to Retired Employees is further supported by Section 6.09(a)(iii) of the Transaction Agreement, which provides that "Newco Employees . . . who are absent from work and receiving workers compensation benefits related to such absence" at the time of the Sale "will not become Transferred Employees until such time, if any, as they are . . . able to return to employment and present themselves for re-employment. . . . Prior to such time, *Weyerhaeuser shall retain all liability* with respect to providing workers compensation benefits to [these] Employees." Compl. ¶ 27; Dankworth Decl. Ex. B § 6.09(a)(iii) (emphasis added). Thus, Domtar did not assume liability for workers compensation benefits for persons who were still employees of the fine paper business, but not actually working at the time of the Sale because they were out on workers compensation, if such employees did not return to active employment after Domtar acquired the fine paper business. Because Domtar did not even assume responsibility for those persons who were nominally current employees at the time of the Sale, it is illogical to contend, as

6

Weyerhaeuser does, that Domtar assumed liability for workers compensation benefits for employees who had already retired and thus also never became Transferred Employees. *See Alta Berkeley VI C.V. v. Omneon, Inc.*, 41 A.3d 381, 385-86 (Del. 2012) ("'[i]t is well established that a court interpreting any contractual provision . . . must give effect to all terms of the instrument, must read the instrument as a whole, and, if possible, reconcile all the provisions of the instrument'" (quoting *Elliott Assocs., L.P. v. Avatex Corp.*, 715 A.2d 843, 854 (Del. 1998))).

**B.     Other Provisions of the Agreements Relied on by Weyerhaeuser Do Not Support Its Claim.**

The Complaint wholly ignores Section 2.03(a)(vii) of the Contribution Agreement, which expressly addresses liability for employment-related liabilities such as workers compensation. Instead, Weyerhaeuser seeks futilely to construct a claim based on other, more general provisions of Section 2.03(a) relating broadly to "activities conducted at" the transferred real property or the "operation or conduct of" the Newco business. Compl. ¶¶ 19-21. None of these provisions supports Weyerhaeuser's claim.

Section 2.03(a)(iv) transfers to Domtar liabilities arising out of "being the owner, lessee or occupant of, or the operator of the activities conducted at, the Transferred Real Property." Even in the absence of Section 2.03(a)(vii), it would require an illogical, tortured reading of the Contribution Agreement to apply this provision, which addresses matters relating to the Transferred Real Property, to an employment-related liability. However, because Section 2.03(a)(vii) expressly addresses workers compensation claims, Weyerhaeuser's proposed application of Section 2.03(a)(iv) to such claims would make Section 2.03(a)(vii) superfluous and violate "[t]he cardinal rule of contract construction . . . that, where possible, a court should

7

give effect to *all* contract provisions." *Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1184 (Del. 1992); *see also GRT, Inc. v. Marathon GTF Tech., Ltd.*, No. 5571–CS, 2012 WL 2356489, at *4 (Del. Ch. June 21, 2012) ("[A] court will prefer an interpretation that harmonizes the provisions in a contract as opposed to one that creates an inconsistency or surplusage.").

Weyerhaeuser also relies on Section 2.03(a)(vi), which transfers to Domtar liabilities "in respect of any suit, action or proceeding (a 'Proceeding'), pending or threatened, and claims, whether or not presently asserted, at any time arising out of or primarily relating to the operation or conduct of the Newco Business." Workers compensation claims, however, are handled pursuant to a statutory administrative scheme and thus are not the type of litigation "suit, action or proceeding" covered by Section 2.03(a)(vi). *See* 19 *Del. C.* § 2301, *et seq.*

Unable to cite any specific provision of the Agreements that supports its claim, Weyerhaeuser asserts that the introductory portion of Section 2.03(a) provides that Domtar assumed all liabilities relating to the fine paper business except those expressly defined as Retained Liabilities, that such liabilities merely "include" the items listed in subparts (i) through (xi), and that under Section 9.02 of the Contribution Agreement the word "include" is "deemed to be followed by the words 'without limitation.'" Compl. ¶¶ 13-15. But this general provision of the introduction to Section 2.03(a) cannot overrule the specific language of subpart (vii), which allocates to Domtar responsibility only for "employment and employee benefit-related Liabilities with respect to Transferred Employees." "Specific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one." *DCV Holdings, Inc. v. ConAgra, Inc.*, 889

A.2d 954, 961 (Del. 2005). Weyerhaeuser's interpretation would render Section 2.03(a)(vii) superfluous because Domtar would be deemed to have assumed liability for employment-related liabilities with respect to all Transferred and Retired Employees.

## II.   WEYERHAEUSER'S CLAIM WITH RESPECT TO WORKERS COMPENSATION LIABILITIES THAT ACCRUED PRIOR TO JANUARY 15, 2011 IS BARRED BY THE STATUTE OF LIMITATIONS.

Delaware's statute of limitations for breach of contract is three years. 10 *Del. C.* § 8106(a). "For breach of contract claims, the wrongful act is the breach, and the cause of action accrues at the time of breach." *Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*, 62 A.3d 62, 77 (Del. Ch. 2013). As Weyerhaeuser alleges in its Complaint, "[s]ince the date of the Sale [in 2007], Weyerhaeuser has tendered to Domtar . . . workers compensation claims relating to Retired Employees," and "Domtar has rejected or failed to respond to each workers compensation tender . . . relating to retired Employees." Compl. ¶¶ 38-39. Weyerhaeuser has therefore had knowledge of Domtar's position since 2007. Thus, some of Weyerhaeuser's claims accrued almost seven years before it filed this action and have long been barred by the statute of limitations. Accordingly, even if Weyerhaeuser's claim is permitted to proceed, this Court should reject the claim with respect to the Retired Employees insofar as it relates to claims that accrued before January 15, 2011.

## III.  WEYERHAEUSER FAILS TO STATE A CLAIM WITH RESPECT TO ADMINISTRATION OF WORKERS COMPENSATION CLAIMS FOR TRANSFERRED EMPLOYEES.

Although Weyerhaeuser asserts that Domtar "has refused" to reimburse administrative expenses that Weyerhaeuser purportedly has incurred for workers compensation claims relating to the Transferred Employees, Compl. ¶ 57, the Complaint does not allege any demand by

9

Weyerhaeuser that Domtar make any payment or the existence of any purportedly unpaid invoices or amounts. This bare assertion is insufficient to plead a claim for breach of contract with respect to these supposedly unpaid administrative expenses.

When considering a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 500 U.S. at 555). The Complaint's allegations regarding the administration of Transferred Employees' workers compensation claims are "mere conclus[ions]," and do not include any facts showing that Plaintiff is entitled to relief. *See id.* at 678-79.

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendants Domtar Corporation and Domtar Paper Company, LLC move this Court for an order dismissing the Plaintiff's Complaint against them with prejudice.

OF COUNSEL:

Gary W. Kubek
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
gwkubek@debevoise.com
cmdankwo@debevoise.com

Dated: February 21, 2014

/s/ *Chad M. Shandler*
Gregory P. Williams (#2168)
Chad M. Shandler (#3796)
Katharine C. Lester (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
shandler@rlf.com
lester@rlf.com

*Attorneys for Defendants Domtar Corporation and Domtar Paper Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2014, I caused true and correct copies of the foregoing document to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following, and that a copy of the foregoing document has also been served by electronic mail on the following:

Stephen B. Brauerman (#4952)
Evan T. Miller (#5364)
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19899
(302) 655-5000
sbrauerman@bayardlaw.com
emiller@bayardlaw.com

Laurie Lootens Chyz
Michael J. Ewart
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
(206) 623-1745
llc@hcmp.com
mje@hcmp.com

_/s/ Katharine C. Lester_____
Katharine C. Lester (#5629)

11