IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
:
WEYERHAEUSER COMPANY, a Washington :
corporation, :
 :
                                            Plaintiff, : C.A. No. 14-00024-SLR
 :
    v. :
 :
DOMTAR CORPORATION, a Delaware corporation, :
and DOMTAR PAPER COMPANY, LLC, a Delaware :
limited liability company, :
 :
                                          Defendants. :
 :
------------------------------------------------------------------------x

**DEFENDANTS DOMTAR CORPORATION AND DOMTAR PAPER COMPANY, LLC's
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

OF COUNSEL:

Gary W. Kubek
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
gwkubek@debevoise.com
cmdankwo@debevoise.com

Gregory P. Williams (#2168)
Chad M. Shandler (#3796)
Katharine C. Lester (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
shandler@rlf.com
lester@rlf.com

Dated: March 20, 2014

*Attorneys for Defendants Domtar Corporation
and Domtar Paper Company, LLC*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. THE ONLY REASONABLE INTERPRETATION OF THE AGREEMENTS IS THAT DOMTAR ASSUMED WORKERS COMPENSATION LIABILITY FOR TRANSFERRED EMPLOYEES ONLY, NOT FOR RETIRED EMPLOYEES. | 1 |
| II. THE PARTIES DID NOT ENTER INTO A TOLLING AGREEMENT. | 4 |
| III. WEYERHAEUSER FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR ADMINISTRATION OF WORKERS COMPENSATION CLAIMS. | 5 |
| IV. WEYERHAEUSER SHOULD NOT BE PERMITTED TO AMEND ITS COMPLAINT. | 6 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**CASES**   **PAGE(S)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 5

*Friedman v. Transamerica Corp.*,
  5 F.R.D. 115 (D. Del. 1946) .................................................................................................. 6

*GRT, Inc. v. Marathon GTF Tech., Ltd.*,
  No. 5571–CS, 2012 WL 2356489 (Del. Ch. June 21, 2012) ................................................. 1

*Jang v. Boston Scientific Scimed, Inc.*,
  729 F.3d 357 (3d Cir. 2013) .................................................................................................. 6

*Sonitrol Holding Co. v. Marceau Investissements*,
  607 A.2d 1177 (Del. 1992) ................................................................................................... 1

*VLIW Technology, LLC v. Hewlett-Packard Co.*,
  No. 20069, 2005 WL 1089027 (Del. Ch. May 5, 2005) .................................................... 4, 5

**OTHER AUTHORITIES**

6 Charles Alan Wright & Arthur R. Miller,
  Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2013) ....................................................................... 6

Defendants Domtar Corporation and Domtar Paper Company, LLC (together, "Domtar") respectfully submit this memorandum of law in further support of their motion to dismiss the Complaint of Plaintiff Weyerhaeuser Company ("Weyerhaeuser") with prejudice. Weyerhaeuser's answering brief, D.I. 16 ("Opp. Br.") relies on an illogical interpretation of the Agreements governing the Sale between the parties to justify its claim that Domtar is liable for workers compensation payments to employees who never worked for Domtar. Weyerhaeuser also misstates the terms of the parties' previous settlement agreements relating to other matters when it argues that the statute of limitations was tolled with regard to its workers compensation claim and fails to allege any facts to support its conclusory claim for administrative fees. Weyerhaeuser's Complaint therefore should be dismissed without leave to amend.

## I. THE ONLY REASONABLE INTERPRETATION OF THE AGREEMENTS IS THAT DOMTAR ASSUMED WORKERS COMPENSATION LIABILITY FOR TRANSFERRED EMPLOYEES ONLY, NOT FOR RETIRED EMPLOYEES.

In its answering brief, Weyerhaeuser relies almost entirely on the argument that the language "includ[ing], without limitation" in Section 2.03(a) of the Contribution Agreement renders the list of liabilities that follows "illustrative only." Opp. Br. at 7. Although that interpretation may be proper in many circumstances, applying it here would violate in two respects "[t]he cardinal rule of contract construction," that all contractual provisions should have meaning and none should be reduced to mere surplusage. *See Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1184 (Del. 1992); *GRT, Inc. v. Marathon GTF Tech., Ltd.*, No. 5571–CS, 2012 WL 2356489, at *4 (Del. Ch. June 21, 2012) ("[A] court will prefer an interpretation that harmonizes the provisions in a contract as opposed to one that creates an inconsistency or surplusage.").

1

First, there would have been no reason to specify in Section 2.03(a)(vii) that Domtar would be responsible for "employment and employee benefit-related Liabilities with respect to Transferred Employees" (*i.e.*, employees who were employed by the U.S. fine paper business when Domtar acquired it), D.I. 4, Dankworth Decl. Ex. A § 2.03(a)(vii), if Domtar was assuming liability for both Transferred and Retired Employees. Indeed, since it would be more logical that Domtar would assume liability for employees who came to work for it than those who had already retired (or otherwise left the business), it would make no sense to specify only the former but not the latter group if the parties intended Domtar to assume liability for both.

Second, Weyerhaeuser's interpretation would also render part of Section 6.09(a)(iii) of the Transaction Agreement both surplusage and illogical. Section 6.09(a)(iii) states that employees "who are absent from work and receiving workers compensation benefits related to such absence [at the time of the Sale] *will not become Transferred Employees* until such time, if any, as they . . . present themselves for re-employment" by Domtar. Dankworth Decl. Ex. B § 6.09(a)(iii) (emphasis added). The provision continues: "Prior to such time, Weyerhaeuser shall retain all liability with respect to providing workers compensation benefits" to such employees. *Id.* There would be no reason for Section 6.09(a)(iii) to refer to such persons as becoming Transferred Employees when they became re-employed by Domtar if the commencement of their status as a Transferred Employee was not the operative factor in Domtar's assumption of employment-related liabilities.[1] Thus, Section 6.09(a)(iii) confirms that

---

[1] Section 6.09(a)(iii) applied to only twelve employees, only three of whom eventually became Transferred Employees. Compl. ¶ 29. It is wholly illogical, and Weyerhaeuser offers no reason, for the parties to have agreed that Weyerhaeuser would remain liable for claims by only these twelve employees if Domtar was assuming liability for not only the

2

an individual who never became a Transferred Employee remained Weyerhaeuser's responsibility.

Weyerhaeuser tries unsuccessfully to bolster its argument by asserting that it "completely divested" its fine paper business, with "all assets and liabilities of the fine paper business transferred to Domtar," unless otherwise agreed. Opp. Br. at 6. But as Weyerhaeuser acknowledges, the Sale was not a simple stock purchase transaction in which the purchaser acquired all of the liabilities of the acquired company. Rather, in a complex series of transactions, Weyerhaeuser transferred the fine paper business to a new company, Domtar Paper Company, LLC ("Newco"), initially a wholly-owned indirect subsidiary of Weyerhaeuser, whose parent company was spun off to Weyerhaeuser's shareholders and then combined with Domtar Corporation under a Plan of Arrangement. D.I. 1, Compl. ¶¶ 9-10; Opp. Br. at 2 n.1. Under these arrangements, Weyerhaeuser retained pension liabilities related to Retired Employees, in addition to the workers compensation liabilities. *See, e.g.,* Dankworth Decl. Ex. A § 2.03(b)(iii) (allocating liabilities under the Newco U.S. pension plans to Weyerhaeuser); *id.* § 2.11(d) (prohibiting Domtar from increasing benefits for retired Canadian employees unless Domtar indemnifies Weyerhaeuser for the amount of the increase).

In sum, liability for workers compensation claims is directly addressed in two provisions of the Agreements, both of which contemplate that Domtar assumed workers compensation liability only for Transferred Employees. *See* Dankworth Decl. Ex. A § 2.03(a)(vii); *id.* Ex. B § 6.09(a)(iii). Weyerhaeuser's illogical position ignores the allocation of responsibility reflected in those provisions, and its claim should be dismissed.

---

Transferred Employees, but also the thousands of employees who no longer worked for the fine paper business.

## II. THE PARTIES DID NOT ENTER INTO A TOLLING AGREEMENT.

Neither of the two agreements relied on by Weyerhaeuser supports its assertion that it has "preserved its legal right to pursue" workers compensation claims that are beyond Delaware's three-year statute of limitations for breach of contract. Opp. Br. at 11. Weyerhaeuser cites a 2009 agreement between the parties, in which each party broadly "reserve[d] all rights . . . with respect to any matter" not addressed in the agreement, Compl. ¶ 43, and a 2013 agreement that referred to the workers compensation claims at issue in this action but stated only:

> The Parties intend to address issues relating to these Non-Addressed Workers Comp Claims at a later date after the Parties have finalized the population of claims to be included in a settlement. Pending the later addressing of those issues, *the Parties reserve all rights* with respect to the Non-Addressed Workers Comp Claims.

Compl. ¶ 44 (emphasis added). As the text of these agreements makes clear, and contrary to Weyerhaeuser's assertion, Opp. Br. at 11, the parties did not agree to toll the statute of limitations.

The parties' agreements to "reserve all rights" are not tolling agreements. An agreement to continue or defer negotiations does not extend the applicable statute of limitations in the absence of clear intent to do so. In *VLIW Technology, LLC v. Hewlett-Packard Co.*, No. 20069, 2005 WL 1089027 (Del. Ch. May 4, 2005), the Court of Chancery held that "[t]he fact that the parties were engaged in negotiations to avoid the suit is not a proper ground for tolling the statute of limitations." *Id.* at *13. The court noted that "[t]olling the statute of limitations during such negotiations, without agreement of the parties, would encourage potential plaintiffs to engage in bad faith negotiations to lengthen the time they would have to bring a suit" and that it "would also discourage potential defendants from engaging in negotiations to avoid giving plaintiffs

4

more time to bring their suits." *Id.* at *13 n.54. Unless the parties expressly and clearly state their intent to toll the statute of limitations, they are not deemed to do so. Here, to the contrary, the parties "reserve[d] all rights" with respect to these claims, which plainly included all defenses, including the statute of limitations.

Weyerhaeuser has not alleged, nor could it, the existence of any agreement that tolled the statute of limitations with respect to claims that it allegedly has tendered to Domtar "[s]ince the date of the Sale" in 2007. Compl. ¶ 38. Thus, all claims that accrued before January 13, 2011, three years prior to the filing of the Complaint, are barred.

### III. WEYERHAEUSER FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR ADMINISTRATION OF WORKERS COMPENSATION CLAIMS.

Weyerhaeuser asserts that it need not allege that it demanded reimbursement for administering workers compensation claims for Transferred Employees, nor must it generate and send invoices. Opp. Br. at 13. However, Weyerhaeuser acknowledges that it "must show . . . the breach of an obligation imposed by [a] contract," *id.*, which it has not done. Weyerhaeuser's naked assertion that "Domtar has refused to reimburse Weyerhaeuser," Compl. ¶ 57, without an allegation that Weyerhaeuser has requested any payment for administrative expenses that Domtar has failed to make (which Weyerhaeuser has not), is a "mere conclus[ion]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which is insufficient to state a claim. Weyerhaeuser's contention that the court "can safely assume that a defendant who chooses to defend itself"—like Domtar—"would not accede to plaintiff's demands," Opp. Br. at 13, carries no weight because Weyerhaeuser has provided no information by which Domtar can even assess the purported existence of a claim. Domtar has paid Weyerhaeuser for all administrative expenses of which

5

Domtar is aware. This Court should not allow Weyerhaeuser to pursue vague, unsupported allegations about purportedly unpaid fees that it does not identify in its Complaint.

## IV. WEYERHAEUSER SHOULD NOT BE PERMITTED TO AMEND ITS COMPLAINT.

Weyerhaeuser should not be permitted to amend its Complaint because any proposed amendment would be futile. The language of the Agreements completely disposes of the dispute, and any amendment by Weyerhaeuser would simply reassert a claim that is legally insufficient on its face. *See* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2013); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013); *Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946).

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendants Domtar Corporation and Domtar Paper Company, LLC move this Court for an order dismissing the Plaintiff's Complaint against them with prejudice.

OF COUNSEL:

Gary W. Kubek
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
gwkubek@debevoise.com
cmdankwo@debevoise.com

Dated: March 20, 2014

/s/ Chad M. Shandler
Gregory P. Williams (#2168)
Chad M. Shandler (#3796)
Katharine C. Lester (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
shandler@rlf.com
lester@rlf.com

*Attorneys for Defendants Domtar Corporation and Domtar Paper Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2014, I caused true and correct copies of the foregoing document to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following, and that a copy of the foregoing document has also been served by electronic mail on the following:

Stephen B. Brauerman (#4952)
Evan T. Miller (#5364)
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
sbrauerman@bayardlaw.com
emiller@bayardlaw.com

Laurie Lootens Chyz
Michael J. Ewart
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
(206) 623-1745
llc@hcmp.com
mje@hcmp.com

/s/ *Katharine C. Lester*
Katharine C. Lester (#5629)