IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEYERHAEUSER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-024-SLR |
| | ) | |
| DOMTAR CORPORATION and | ) | |
| DOMTAR PAPER COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Stephen B. Brauerman, Esquire and Evan T. Miller, Esquire of Bayard, P.A., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Laurie L. Chyz, Esquire, and Michael J. Ewart, Esquire of Hillis Clark Martin & Peterson P.S.

Gregory P. Williams, Esquire, Chad M. Shandler, Esquire, and Katharine C. Lester, Esquire of Richards, Layton & Finger, P.A., Wilmington, Delaware. Counsel for Defendants. Of Counsel: Gary W. Kubek, Esquire and Courtney M. Dankworth, Esquire of Debevoise & Plimpton LLP.

**MEMORANDUM OPINION**

Dated: July 30, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On January 13, 2014, plaintiff Weyerhaeuser Company ("Weyerhaeuser") filed a complaint against defendants Domtar Corporation and Domtar Paper Company, LLC (collectively, "Domtar") alleging breach of contract with respect to liability for workers compensation claims. (D.I. 1) On February 21, 2014, Domtar filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 12) The court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. BACKGROUND

Weyerhaeuser sold its fine paper business to Domtar (the "Sale") on March 7, 2007. (D.I. 1 at ¶ 8) The Sale was governed by an Amended and Restated Contribution Agreement (the "Contribution Agreement") and an Amended and Restated Transaction Agreement (the "Transaction Agreement") (collectively, "the Agreements").[1] (D.I. 14, exs. A-B) The Agreements are dated January 25, 2007 and are governed by Delaware law. (*Id.*) Since the Sale, the parties have on multiple occasions reached settlement agreements relating to post-Sale disputes. (D.I. 1 at ¶¶ 43-44) However, the parties have been unable to resolve the contested issue of workers compensation liability. (*Id.* at ¶ 45)

---

[1] Weyerhaeuser accomplished the Sale, in part, by transferring its fine paper business to Domtar Paper Company, LLC, and then transferring ownership of Domtar Paper Company, LLC to Domtar Corporation. (D.I. 1 at ¶ 9) Domtar Paper Company, LLC was created by Weyerhaeuser in August 2006 specifically to hold the fine paper business for the purposes of the Sale and is referred to as "Newco" in the Agreements. (*Id.* at ¶ 10; D.I. 14, ex. A at 1)

There are three categories of current and former fine paper employees relevant to the action at bar. (*Id.* at ¶ 24) The first category consists of fine paper employees who worked for Weyerhaeuser before the Sale and continued to work for Domtar after the Sale (the "Transferred Employees"). (*Id.*) The second category consists of fine paper employees who were still employed at Weyerhaeuser at the time of the Sale but who were receiving workers compensation benefits and, therefore, not working at the time of the Sale (the "U.S. WC Newco Employees"). (*Id.* at ¶ 26) The third category consists of the remainder of Weyerhaeuser's pre-Sale employees, including those who were retired or otherwise terminated before the time of the Sale and, therefore, never became Transferred Employees (the "Retired Employees"). (*Id.* at ¶ 30) The parties dispute liability for workers compensation claims regarding the third category of employees, the Retired Employees, as well as liability for administration costs of workers compensation claims regarding the first category of employees, the Transferred Employees.[2]

## III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain

---

[2] Domtar accepts responsibility for all workers compensation claims asserted by Transferred Employees (D.I. 13 at 2; D.I. 14, ex. A at § 2.03(a)(vii)), but contests Weyerhaeuser's asserted administration costs. (D.I. 13 at 9) The parties also agree that Weyerhaeuser retained all post-Sale workers compensation liability for U.S. WC Newco Employees unless, and until, those employees became Transferred Employees. (D.I. 1 at ¶ 28; D.I. 14, ex. B at § 6.09(a)(iii)) At the time of the Sale, there were approximately twelve U.S. WC Newco Employees, three of which later became Transferred Employees by returning to work for Domtar. (D.I. 1 at ¶ 29)

"a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims."

3

*United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

### A. Liability for Workers Compensation Claims of Retired Employees

Weyerhaeuser alleges that the Sale was structured to transfer from Weyerhaeuser to Domtar all assets and liabilities of the fine paper business except those expressly retained by Weyerhaeuser in the Agreements. (D.I. 1 at ¶ 11) Since workers compensation liability for Retired Employees was not expressly retained by Weyerhaeuser, it alleges that such liability transferred to Domtar through the Sale. (*Id.* at ¶ 36) Domtar argues that based on the provisions of the Agreements, Weyerhaeuser retained liability for workers compensation claims of Retired Employees, and its breach of contract claim should be dismissed. (D.I. 13 at 4)

Under Delaware law, "to survive a motion to dismiss for failure to state a breach of contract claim, [a] plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (citations omitted).

4

Weyerhaeuser satisfies the first requirement since neither party disputes that the Agreements are valid, express contracts governing the Sale of the fine paper business. (D.I. 13 at 2; D.I. 14, exs. A-B) Weyerhaeuser also satisfies the third requirement by claiming that it has incurred approximately $8.2 million in damages as a result of Domtar rejecting or failing to respond to each workers compensation tender from Weyerhaeuser regarding Retired Employees.[3] (D.I. 1 at ¶¶ 39-40, 46) Further, Weyerhaeuser projects that future claims asserted by Retired Employees will likely reach or exceed $6.1 million. (*Id.* at ¶ 47) The dispute at bar concerns the second requirement – a breach of an obligation imposed by the contract – and hinges on how the Agreements are interpreted.

The operative provision of the Contribution Agreement governing Newco Liabilities is Section 2.03(a), which states:

> For the purposes of this Agreement, "Newco Liabilities" shall mean all obligations, liabilities and commitments of any nature, whether known or unknown, express or implied, primary or secondary, direct or indirect, liquidated, absolute, accrued, contingent or otherwise and whether due or to become due ("Liabilities"), of Weyerhaeuser or any other member of Weyerhaeuser Group arising out of or primarily relating to the Newco Assets, the Newco Business or the operation or conduct of the Newco Business prior to, on or after the Contribution Date, excluding the Retained Liabilities, which Newco Liabilities **shall include** (in each case, other than the Retained Liabilities): . . .

---

[3]Weyerhaeuser has itself administered, paid, and resolved Retired Employee workers compensation claims in order to ensure that such obligations to Retired Employees do not go unmet. (D.I. 1 at ¶¶ 40-41)

(D.I. 14, ex. A at Section 2.03(a)) (emphasis added) Subsections 2.03(a)(i)-(xi) list Newco Liabilities that Domtar irrevocably assumed.[4] The following section, Section 2.03(b), states, "[f]or purposes of this Agreement, 'Retained Liabilities' shall mean the following Liabilities of Weyerhaeuser or any other member of the Weyerhaeuser Group." (*Id.* at Section 2.03(b)) Subsections 2.03(b)(i)-(x) explicitly state the liabilities retained by Weyerhaeuser.

Section 9.02 of the Contribution Agreement governs interpretation of the Contribution Agreement and states, "[w]henever the words 'include', 'includes' or 'including' are used in this Agreement, they shall be deemed to be followed by the words 'without limitation'." (*Id.* at Section 9.02) Based on the parties' stipulation, "shall include," as used in Section 2.03(a), must be interpreted to mean "shall include without limitation" the Newco Liabilities specified in Subsections 2.03(a)(i)-(xi). (*Id.* at Section 2.03(a))

Under Delaware law, contract language such as "including without limitation" and "including but not limited to" is interpreted broadly. *See CorVel Enter. Comp, Inc. v. Schaffer*, Civ. No. 4896, 2010 WL 2091212 at *2 (Del. Ch. May 19, 2010) (giving the language "including but not limited to" as used in a release agreement an expansive reading). When the language "including but not limited to" is used in a contract provision and is followed by a list contained in the provision or several subsections, the

---

[4] Under Section 2.01(b) of the Contribution Agreement, Domtar "irrevocably assume[d] and agree[d] to faithfully pay, perform and discharge when due all the Newco Liabilities . . . ." (D.I. 14, ex. A at Section 2.01(b))

Third Circuit has interpreted such language to mean that the following list is "not exhaustive." *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 280 (3d Cir. 1995); *see also McKissick v. Yuen*, 618 F.3d 1177, 1185 (10th Cir. 2010) (holding that a phrase appearing within an "including but not limited to" clause of a release agreement is intended to serve as an example, illustration, or representation of what is encompassed by the release).

Domtar argues that liability for workers compensation claims falls under Subsection 2.03(a)(vii), which states that Domtar assumes liability for "all employment and employee benefit-related Liabilities with respect to Transferred Employees and their dependents and beneficiaries . . . ." (D.I. 14, ex. A at Section 2.03(a)(vii))  Domtar avers that Weyerhaeuser retained liability for workers compensation claims of Retired Employees because Subsection 2.03(a)(vii) specifies only Transferred Employees, and no other provision within Subsections 2.03(a)(i)-(xi) explicitly addresses Retired Employees or employment liabilities. (D.I. 13 at 6)  Such an interpretation of the Contribution Agreement would violate the "well-established principle that in construing a contract a court cannot in effect rewrite it" because it would effectively read the "shall include without limitation" clause out of the contract. *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d 1213, 1217 (Del. 1983) (citation omitted).  Weyerhaeuser and Domtar are sophisticated parties that explicitly stipulated how the word "include" shall be interpreted.  In construing the Contribution Agreement, the court will "give words in the contract their plain, ordinary meaning." *Id.*

Section 2.03(a) broadly transfers all liabilities to Domtar except those explicitly retained by Weyerhaeuser in Section 2.03(b). Subsections 2.03(a)(i)-(xi) are merely illustrative and do not limit the Newco Liabilities beyond what is expressly retained by Weyerhaeuser in Subsections 2.03(b)(i)-(x). Liability for workers compensation claims of Retired Workers is not expressly addressed by Subsections 2.03(b)(i)-(x). Therefore, liability for workers compensation claims of Retired Workers falls within the Newco Liabilities assumed by Domtar, and Weyerhaeuser has demonstrated a breach of an obligation imposed by contract.[5]

### B. Statute of Limitations

Domtar avers that, even if Weyerhaeuser's claim regarding liability for worker compensation claims of Retired Employees survives the motion to dismiss, certain claims are barred by Delaware's statute of limitations. (D.I. 13 at 9) Under Delaware law, there is a three-year statute of limitations for breach of contract claims (10 Del. C. § 8106(a)) which "begins to run when the contract is breached." *In re Marvel Entm't Grp., Inc.*, Civ. Nos. 97-638, 98-756, 273 B.R. 58, 80 (D. Del. 2002). In the complaint, Weyerhaeuser alleges that since the date of the Sale on March 7, 2007, it has tendered to Domtar dozens of workers compensation claims relating to Retired Employees, all of which Domtar has either expressly or impliedly rejected. (D.I. 1 at ¶¶ 38-39)

---

[5] Section 6.09(a)(iii) of the Transaction Agreement is consistent with this conclusion because it does not address liability for workers compensation claims of Retired Employees and only stipulates that Weyerhaeuser retains liability for workers compensation claims of U.S. WC Newco Employees. (D.I. 14, ex. B at Section 6.09(a)(iii))

Weyerhaeuser filed the complaint on January 13, 2014. Thus, all claims that accrued before January 13, 2011, three years prior to the filing of the complaint, are time-barred unless a tolling doctrine applies.

"Under Delaware law, the statute of limitations is properly tolled under the doctrines of 'inherently unknowable' and 'fraudulent concealment'." *Studiengesellschaft Kohle, mbH v. Hercules, Inc.*, 748 F. Supp. 247, 252 (D. Del. 1990). "Under the 'inherently unknowable injury' doctrine . . . the statute of limitations is tolled 'where it would be practically impossible for a plaintiff to discover the existence of a cause of action' and 'the claimant is blamelessly ignorant of the wrongful act and the injury complained of.'" *E.I. duPont de Nemours & Co. v. Medtronic Vascular, Inc.*, Civ. No. N10C-09-058, 2013 WL 261415 at *11 (Del. Super. Jan. 18, 2013), as corrected (Jan. 29, 2013) (quoting *Cent. Mortgage Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, Civ. No. 5140, 2012 WL 3201139 at *22 (Del. Ch. Aug. 7, 2012) (citations omitted)). "Fraudulent concealment requires an affirmative act of concealment [of the facts necessary to put a plaintiff on notice of the truth] or some misrepresentation by a defendant that prevents a plaintiff from gaining knowledge of the facts." *Id.* (citing *Albert v. Alex. Brown Mgmt. Servs., Inc.*, Civ. Nos. 762, 763, 2005 WL 5750601 at *19 (Del. Ch. June 29, 2005).

"The statute of limitations can only be tolled until a plaintiff discovers, or by exercising reasonable diligence should have discovered, facts constituting the basis of the cause of action . . . , [and] [t]he doctrines of inherently unknowable injury, and

9

fraudulent concealment, do not apply when the plaintiff has actual knowledge of the breach and potential injuries to follow." *Id.* at 11-12. Additionally, parties engaging in settlement negotiations to avoid a suit "is not a proper ground for tolling the statute of limitations" as it "would obviously undermine the public policy behind the statute of limitations." *VLIW Tech.*, 2005 WL 1089027 at *13.

The doctrines of inherently unknowable injury and fraudulent concealment do not apply to the case at bar because Weyerhaeuser had actual knowledge of the alleged breach and the injuries to follow. Indeed, not only did Weyerhaeuser tender to Domtar many workers compensation claims relating to Retired Employees since the date of the Sale, but Weyerhaeuser administered, paid, and resolved the Retired Employee workers compensation claims at its own expense as a result of Domtar rejecting tender of the claims. (D.I. 1 at ¶¶ 38-41) In two previous settlement agreements, one on December 21, 2009 and the other on February 28, 2013, Weyerhaeuser and Domtar stipulated that each of the parties reserves all rights with respect to the workers compensation dispute.[6] (*Id.* at ¶¶ 43-44) Such stipulations confirm that the instant dispute is one in which the parties have been engaged since at least 2009. Moreover,

---

[6]The December 21, 2009 settlement agreement between Weyerhaeuser and Domtar states, "Each of the [p]arties reserves all rights, and grants no releases, with respect to any matter other than the Post-Closing Resolved Items as set forth herein." (D.I. 1 at ¶ 43) The February 28, 2013 settlement agreement between the parties states, "The [p]arties intend to address issues relating to these Non-Addressed Workers Comp Claims at a later date after the [p]arties have finalized the population of claims to be included in a settlement. Pending the later addressing of those issues, the [p]arties reserve all rights with respect to the Non-Addressed Workers Comp Claims." (*Id.* at ¶ 44)

even if Weyerhaeuser intended to toll the statute of limitations, engaging in settlement negotiations is not a proper ground for doing so.[7] See VLIW Tech., 2005 WL 1089027 at *13. Therefore, all claims regarding liability for workers compensation claims of Retired Employees that accrued prior to January 13, 2011 are time-barred.

### C. Liability for Administration Costs of Workers Compensation Claims for Transferred Employees

Additionally, Weyerhaeuser alleges that Domtar has not taken responsibility for the administration of workers compensation claims made by Transferred Employees. (D.I. 1 at ¶ 50) Domtar argues that Weyerhaesuer's allegation regarding Domtar's purported failure to administer workers compensation claims of Transferred Employees should be dismissed for failure to state a claim. (D.I. 13 at 9) In determining whether Weyerhaeuser pled facts sufficient to survive a motion to dismiss for failure to state a breach of contract claim, the above-cited standard applies. Weyerhaeuser must therefore demonstrate: "[F]irst, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." VLIW Tech., 840 A.2d at 612.

First, the existence of a valid contract is undisputed. (See D.I. 13 at 2; D.I. 14, exs. A-B) Domtar "irrevocably assume[d] and agree[d] to faithfully pay, perform and discharge when due all the Newco Liabilities" including "all employment and employee

---

[7]Additionally, a settlement agreement executed on February 28, 2013 could not have tolled workers compensation claims that had already accrued at least two years earlier by January 13, 2011.

11

benefit-related Liabilities with respect to Transferred Employees . . . ." (D.I. 14, ex. A at Section 2.01(b); Id. at Section 2.03(a)(vii)) Administration of workers compensation claims of Transferred Employees falls within the scope of employment-related Liabilities. (See D.I. 14, ex. B at Section 4.12(c)) Second, Weyerhaeuser sufficiently pled the breach of an obligation imposed by the contract by alleging that Domtar has refused to take responsibility for the administration of workers compensation claims made by Transferred Employees. (D.I. 1 at ¶ 58) Finally, Weyerhaeuser sufficiently pled damages by alleging that it has incurred significant expenses in administering workers compensation claims made by Transferred Employees, and that Domtar has refused to reimburse Weyerhaeuser for these incurred expenses. (Id. at ¶¶ 56-57)

Domtar asserts that the claim should be dismissed because Weyerhaeuser did not "allege any demand by Weyerhaeuser that Domtar make any payment or the existence of any purportedly unpaid invoices or amounts." (D.I. 13 at 9-10) However, Delaware law does not require Weyerhaeuser to demonstrate that a demand was made and refused in order to survive a motion to dismiss a breach of contract claim. See VLIW Tech., 840 A.2d at 612; Winston v. Mandor, 710 A.2d 835, 840 (Del. Ch. 1997). Moreover, Weyerhaeuser need not allege an exact monetary figure in order to sufficiently plead that it suffered damages from the breach of contract. See VLIW Tech., 840 A.2d at 613 (finding that VLIW's complaint sufficiently pled damages resulting from a breach of contract by alleging that "as the successor to the Multiflow

rights in question, [VLIW] ha[d] been damaged by H-P's breach of the 1990 Agreement").

## V. CONCLUSION

For the reasons discussed above, Domtar's motion to dismiss (D.I. 12) is granted to the extent that Weyerhaeuser's claims regarding liability for workers compensation claims of Retired Employees that accrued prior to January 13, 2011 are barred by the statute of limitations. Otherwise, the motion is denied. An appropriate order shall issue.