# EXHIBITS P-X

# EXHIBIT P

| From: | Rogerson, Kim |
|---|---|
| To: | Brzezinski, Ania |
| Sent: | 1/16/2012 1:27:44 PM |
| Subject: | Re: Robert Brown Dickerson |



Noted
Thanks

---

**From:** Brzezinski, Ania
**Sent:** Friday, January 13, 2012 09:45 PM
**To:** Rogerson, Kim; Barfield, Marty
**Subject:** Fw: Robert Brown Dickerson

fyi

---

**From:** Brzezinski, Ania
**To:** Laprairie, Susan <susan.laprairie@weyerhaeuser.com>
**Sent:** Fri Jan 13 18:21:54 2012
**Subject:** RE: Robert Brown Dickerson

Susan,

Based on what was attached with your email, it appears that Mr. Dickerson was an employee of Weyerhaeuser up to 2006 and that he ceased to be an employee by 05/26/2006. As such, he was not a Transferred Employee for purposes of our transaction agreements. As you may recall, our deal closed on March 7, 2007. Accordingly, this is a liability that is retained by Weyerhaeuser.

**Ania Brzezinski**
Senior Director, Legal Services
P 514-848-5003 | F 514-848-6850 | Email ania.brzezinski@domtar.com

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

---

**From:** Laprairie, Susan [mailto:susan.laprairie@weyerhaeuser.com]
**Sent:** Friday, January 13, 2012 12:44 PM
**To:** Brzezinski, Ania
**Cc:** 'Tracey Jones'
**Subject:** FW: Robert Brown Dickerson

Ania-
Marty Barfield has instructed me to refer the new asbestos claims to you for handling. This claimant was employed at the Plymouth, NC location.

# Susan

Susan LaPrairie, Workers Compensation Liaison
**Direct:** 252-633-7244 | **Fax:** 252-633-7529

---

**From:** Dottie Averette [mailto:DAverette@tcdg.com]
**Sent:** Thursday, January 12, 2012 10:23 AM
**To:** Laprairie, Susan; john.barr@sedgwickcms.com
**Cc:** Tracey Jones
**Subject:** Robert Brown Dickerson

Confidential

DOMWEY00019650

Good Morning,

Please find attached correspondence and a Form 18B that we received from Wallace & Graham.  Please let us know if you would like for us to open a file in this matter.  If so, please send us the claim number and any other information that you may have.  We look forward to hearing from you regarding this matter.  Thank you.

Dottie Averette
Legal Assistant to Tracey L. Jones and
Rebecca A. Rausch
Teague, Campbell, Dennis & Gorham, LLP
PO Box 19207
Raleigh, NC  27619

4800 Six Forks Rd., Ste. 300
Raleigh, NC  27609

Phone:  919-873-0166
Facsimile:  919-873-1814
www.tcdg.com

Confidential

DOMWEY00019651

# EXHIBIT Q

| From: | Smucker, Conrad |
| --- | --- |
| To: | Brzezinski, Ania |
| CC: | Laprairie, Susan; Douthwaite, Charlie |
| Sent: | 2/23/2012 11:46:04 PM |
| Subject: | RE: Tender of Plymouth Workers Comp Claims to Domtar |



**EXHIBIT**

191

JUNE 10/15

Ania,

As noted below, Weyerhaeuser does not agree with Domtar's position that the Dickerson workers compensation claim constitutes an "employment or employee benefit-rated Liability" under the terms of Section 2.03(a)(vi). There is nothing in the agreement that defines workers comp claims as such. We believe this constitutes a "claim" relating to the operation of the Newco Business, which is a liability which Domtar assumed under Section 2.03(a)(iv).

Pursuant to the terms of Section 4.06, Weyerhaeuser is hereby assuming the defense of the Dickerson workers comp claim and expressly reserves the right to recover any defense and indemnity costs incurred in connection with this matter from Domtar.

**Conrad J. Smucker**
Chief Competition Counsel
 & Senior Legal Counsel

## Weyerhaeuser
Tel.: (253) 924-5032

---

**From:** Brzezinski, Ania [mailto:Ania.Brzezinski@domtar.com]
**Sent:** Wednesday, February 22, 2012 10:52 AM
**To:** Smucker, Conrad
**Cc:** Laprairie, Susan; Douthwaite, Charlie
**Subject:** RE: Tender of Plymouth Workers Comp Claims to Domtar

Conrad,

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees. As stated in your email, and in the information provided to us, Mr. Dickerson terminated his employment with Weyerhaeuser in 2006 and, as such, does not fall under the definition of Transferred Employees as set forth under Section 6.09(a)(i) of the Amended and Restated Transaction Agreement.

I do not think that the other sections that you mentioned have any relevance to the matter at hand.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for this workers' compensation claim filed by Mr. Dickerson and we therefore decline to assume this claim.

Regards,

**Ania Brzezinski**
Senior Director, Legal Services
P 514-848-5003 | F 514-848-6850 | Email ania.brzezinski@domtar.com

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

---

**From:** Smucker, Conrad [mailto:Conrad.Smucker@weyerhaeuser.com]
**Sent:** Tuesday, January 31, 2012 3:09 PM
**To:** Brzezinski, Ania
**Cc:** Laprairie, Susan; Douthwaite, Charlie

Confidential

**Subject:** Tender of Plymouth Workers Comp Claims to Domtar

Ania,

I understand from your January 13, 2012 correspondence with Susan Laprairie (Weyerhaeuser's Workers Compensation Liaison) that Domtar is taking the position that it is not responsible for workers comp claims filed by former Plymouth, NC paper mill employees who retired prior to the March 2007 sale of that mill to Domtar.

In particular, Domtar disclaims responsibility for the asbestos workers comp claim filed by Robert Brown Dickerson because he retired prior to the Domtar sale in May 2006 and never became a Domtar employee.

Weyerhaeuser believes your position is contrary to the parties' agreement. Section 2.03(a) of the Amended and Restated Contribution and Distribution Agreement among Weyerhaeuser and Domtar dated 1/25/07 (hereinafter, the "Agreement") identifies as "Newco Liabilities" to be transferred to Domtar with the sale "(iv) all Liabilities with respect of any suit, action or proceeding (a "Proceeding"), pending or threatened, and *claims*, whether or not presently asserted, at any time arising out of or primarily relating to the operation or conduct of the Newco Business". (Emphasis added.) As a worker compensation proceeding involving a transferred site is a "claim" relating to the operation of a Newco Business under this provision and there is no limitation as to when that claim arose or whether the claimant ever became a Domtar employee, the Dickerson claim is clearly encompassed by this provision. I should also note that this claim is also arguably covered by the scope of subsection (iv), which encompasses "all Liabilities arising as a result of at any time being the owner, lessee or occupant of, or the operator of the activities conducted at, the Transferred Real Property".

While Domtar does not specify the specific provision of the Agreement upon it relies in denying our tender, I am presuming that its claimed basis for doing so is subsection (vii) of Section 2.03, under which Domtar only assumed "employment and employee benefit-related Liabilities with respect to Transferred Employees and their dependants and beneficiaries . . ." However, we interpret "employment or employee-benefit related Liability" to encompass traditional benefits accorded to employees (such as medical and dental coverage) and does not cover worker comp claims, which are not a benefit and are mandated by statute. As such, the limitation of subsection (vii) is inapplicable to such claims. I should also point out that none of the long list of Newco Benefits Plans and Agreements in Schedule 2.03(a)(vii) referenced in this subsection appear to relate to workers comp, which further reinforces our interpretation of the Agreement.

Please confirm Domtar's reliance on Section 2.03(a)(vii) for its denial and let me know if Domtar has any additional claimed support for its position.

In light of the foregoing, I request that Domtar reconsider its position and accept our tender of the Dickerson workers comp matter. To the extent Domtar fails to do so, we reserve all our rights under the Agreement. Thank you.

**Conrad J. Smucker**
Chief Competition Counsel
 & Senior Legal Counsel
Law Department

# Weyerhaeuser

CH1 J28
33663 Weyerhaeuser Way South
Federal Way, Washington 98003
Tel.: (253) 924-5032
Fax: (253) 928-2582

Confidential

DOMWEY00006244

NOTICE: This communication (including all attachments) may contain privileged or other confidential information. If you are not the intended recipient or have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please delete the copy you received and advise the sender that you have received this email in error.

Confidential

DOMWEY00006245

# EXHIBIT R

| | |
|---|---|
| **From:** | Brzezinski, Ania |
| **To:** | Smucker, Conrad |
| **BCC:** | Rogerson, Kim; Barfield, Marty |
| **Sent:** | 3/28/2012 5:36:39 PM |
| **Subject:** | RE: Nellie Perry Claim |
| **Attachments:** | Tender of Worker's Compensation Claim_Nellie Gardner Perry North Carolina industrial Commission file no X85292.pdf |

**EXHIBIT**

*193*

Juno 10/15

Conrad,

Please find attached our response in respect to your letter dated March 23, 2012.

**Ania Brzezinski**
Senior Director, Legal Services
P 514-848-5003 | F 514-848-6850 | Email ania.brzezinski@domtar.com

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

---

**From:** Smucker, Conrad [mailto:Conrad.Smucker@weyerhaeuser.com]
**Sent:** Friday, March 23, 2012 3:53 PM
**To:** Brzezinski, Ania
**Subject:** Nellie Perry Claim

Ania,

Attached please find correspondence concerning Weyerhaeuser's tender to Domtar of the *Nellie Perry* claim.

**Conrad J. Smucker**
Chief Competition Counsel
  & Senior Legal Counsel
Law Department

# Weyerhaeuser
CH1 J28
33663 Weyerhaeuser Way South
Federal Way, Washington  98003
Tel.: (253) 924-5032
Fax: (253) 928-2582

**NOTICE:** This communication (including all attachments) may contain privileged or other confidential information.  If you are not the intended recipient or have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information.  Also, please delete the copy you received and advise the sender that you have received this email in error.

Confidential



**Domtar**

Domtar Inc.
395 de Maisonneuve Blvd. West
Montreal, QC H3A 1L6
T 514-848-5555
www.domtar.com

March 28, 2012

VIA EMAIL

Conrad Smucker, Esq.
Chief Competition Counsel &
Senior Legal Counsel
Weyerhaeuser

Re: Tender of Workers' Compensation Claim on behalf of *Nellie Gardner Perry* North
Carolina industrial Commission file No. X85292

Dear Conrad:

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution
Agreement, Domtar assumed all employment and employee benefit-related Liabilities with
respect to Transferred Employees. According to the information provided on the Form 18B that
was attached to your letter dated March 23, 2012, Ms. Perry was an employee of Weyerhaeuser's
from 1961 to 1985, although in the report dated September 2, 2010, that was also attached to your
letter, it is stated therein that Ms. Perry worked as a secretary from 1954 to 1985. Regardless of
this discrepancy, the salient point is that Ms. Perry was not an employee as of March 7, 2007 and,
as such, does not fall under the definition of Transferred Employees as set forth under Section
6.09(a)(i) of the Amended and Restated Transaction Agreement.

Accordingly, we do not believe that Domtar has an obligation to indemnify
Weyerhaeuser for this workers' compensation claim filed by Ms. Perry and we therefore decline
to assume this claim.

Very truly yours,

Ania Brzezinski
Senior Director, Legal Services

cc: Marty Barfield
    Kim Rogerson

Confidential

# EXHIBIT S

EXHIBIT
197
JUNE 10/15
PENGAD 800-631-6989

| | |
|---|---|
| **From:** | Aubin, Nathalie |
| **To:** | conrad.smucker@weyerhaeuser.com |
| **CC:** | Rogerson, Kim; Barfield, Marty |
| **Sent:** | 4/18/2012 6:12:38 PM |
| **Subject:** | Weyerhaeuser's Tender of The Smithwick and Burnette Workers Comp Matters |
| **Attachments:** | Tender of Worker's Compensation Claim_David Spencer Smithwick.pdf; Tender of Worker's Compensation Claim_Samuel Burnett.pdf |

Mr. Smucker,

Attached please find correspondence relating to Weyerhaeuser's tender of the Smithwick and Burnett workers compensation matters.

Regards,

**Nathalie Aubin**
Administrative Assistant
Adjointe administrative
T 514-848-5555 X 85915 | F 514-848-6850

 **Domtar**

| **Domtar** | **Domtar** |
|---|---|
| 395 de Maisonneuve Blvd. West | 395, boul. de Maisonneuve Ouest |
| Montreal, QC H3A 1L6 Canada | Montréal QC H3A 1L6 Canada |

Paper informs us, persuades us, educates us and organizes us. It's OK to use paper. <u>Learn More.</u>
Le papier permet d'informer, de persuader, d'éduquer et d'organiser. C'est bien d'utiliser du papier. <u>Pour en savoir davantage.</u>

Ce message est à l'usage exclusif de son destinataire et est soumis à l'avis de confidentialité de Domtar.
This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

Confidential

DOMWEY00006507



Domtar Inc.
395 de Maisonneuve Blvd. West
Montreal, QC  H3A 1L6
T 514-848-5555
www.domtar.com

April 18, 2012

VIA EMAIL

Conrad Smucker, Esq.
Chief Competition Counsel &
Senior Legal Counsel
33663 Weyerhaeuser Way South
Federal Way, Washington 98003

Re:   Tender of Workers' Compensation Claim on behalf of *David Spencer Smithwick*

Dear Conrad:

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement, Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees. According to the information provided on the Form 18B that was attached to your letter dated April 10, 2012, Mr. Smithwick was an employee of Weyerhaeuser's from 1969 to 2005. Mr. Smithwick was not an employee as of March 7, 2007 and, as such, does not fall under the definition of Transferred Employees as set forth under Section 6.09(a)(i) of the Amended and Restated Transaction Agreement.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for this workers' compensation claim filed by Mr. Smithwick and we therefore decline to assume this claim.

Very truly yours,

Ania Brzezinski
Senior Director, Legal Services

cc: Marty Barfield
    Kim Rogerson

Confidential

DOMWEY00006508



**Domtar**

Domtar Inc.
395 de Maisonneuve Blvd. West
Montreal, QC  H3A 1L6
T 514-848-5555
www.domtar.com

April 18, 2012

VIA EMAIL

Conrad Smucker, Esq.
Chief Competition Counsel &
Senior Legal Counsel
33663 Weyerhaeuser Way South
Federal Way, Washington 98003

Re:     Tender of Workers' Compensation Claim on behalf of *Samuel Burnett*

Dear Conrad:

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement, Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees.  According to the information provided on the Form 18B that was attached to your letter dated April 10, 2012, Mr. Burnett was an employee of Weyerhaeuser's from 1972 to 2006.  Mr. Burnett was not an employee as of March 7, 2007 and, as such, does not fall under the definition of Transferred Employees as set forth under Section 6.09(a)(i) of the Amended and Restated Transaction Agreement.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for this workers' compensation claim filed by Mr. Burnett and we therefore decline to assume this claim.

Very truly yours,

Ania Brzezinski
Senior Director, Legal Services

cc: Marty Barfield
    Kim Rogerson

Confidential

# EXHIBIT T

| | |
|---|---|
| **From:** | Brzezinski, Ania |
| **To:** | Smucker, Conrad |
| **CC:** | Laprairie, Susan; Lane, Patrick |
| **Sent:** | 1/27/2014 10:59:25 PM |
| **Subject:** | RE: Weyerhaeuser's Tender of 29 Claims to Domtar |

EXHIBIT

225

JUNE 10/15

PENGAD 800-631-6989

Conrad,

We continue to reject your contention that, under the terms of the Amended and Restated Contribution Agreement and Distribution Agreement, dated January 25, 2007 (as amended, the "Contribution Agreement), and the Amended and Restated Transaction Agreement, dated January 25, 2007 (as amended, the "Transaction Agreement" and, together with the Contribution Agreement, the "Spin-off Agreements"), Domtar Corporation or its subsidiaries (collectively, "Domtar") is responsible for U.S. workers compensation claims filed by Weyerhaeuser employees (the "Weyerhaeuser Employees") who were not transferred to Domtar as employees as part of the spin-off of Weyerhaeuser's fine paper business to Domtar.

As we have previously stated, under Section 2.03(a)(vii) of the Contribution and Distribution Agreement Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees only.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for any claims asserted by the Weyerhaeuser Employees who were not transferred to Domtar and we decline to assume the defense of these claims.

Ania Brzezinski
Vice President, Legal Services
P 514-848-5003 | F 514-848-6850 | Email ania.brzezinski@domtar.com

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice. <http://www.domtar.com/en/email-policy/index.asp>

From: Smucker, Conrad [mailto:Conrad.Smucker@weyerhaeuser.com]
Sent: Friday, December 13, 2013 2:19 PM
To: Brzezinski, Ania
Cc: Laprairie, Susan; Lane, Patrick
Subject: Weyerhaeuser's Tender of 29 Claims to Domtar

Ania,

Attached please find Weyerhaeuser's tender to Domtar of additional workers compensation claims.

Conrad J. Smucker
Chief Competition Counsel
Law Department
Weyerhaeuser
CH1 J28
33663 Weyerhaeuser Way South
Federal Way, Washington 98003
Tel.: (253) 924-5032
Fax: (253) 928-2582

WEY00018335

NOTICE: This communication (including all attachments) may contain privileged or other confidential information. If you are not the intended recipient or have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please delete the copy you received and advise the sender that you have received this email in error.

WEY00018336

# EXHIBIT U

| From: | Brzezinski, Ania |
|---|---|
| To: | Smucker, Conrad |
| CC: | McDade, Sandy; Lane, Patrick; Jablonski, Zygmunt |
| Sent: | 7/31/2013 8:05:32 PM |
| Subject: | RE: Weyerhaeuser's Notice of Intent to Litigate Workers Comp Dispute |
| Attachments: | Domtar Response_July 31 2013.pdf |

EXHIBIT

272

JUNE 10/15

Conrad,

Please find attached Domtar's response.

**Ania Brzezinski**
Vice President, Legal Services
P 514-848-5003 | F 514-848-6850 | Email ania.brzezinski@domtar.com

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

**From:** Smucker, Conrad [mailto:Conrad.Smucker@weyerhaeuser.com]
**Sent:** Monday, July 08, 2013 2:22 PM
**To:** Jablonski, Zygmunt
**Cc:** McDade, Sandy; Lane, Patrick; Brzezinski, Ania
**Subject:** Weyerhaeuser's Notice of Intent to Litigate Workers Comp Dispute

Mr. Jablonski,

Attached please Weyerhaeuser's notice of intent to litigate the U.S. workers compensation liability dispute arising from the 2007 sale to Domar of our Fine Paper business.

**Conrad J. Smucker**
Chief Competition Counsel
Law Department

# Weyerhaeuser

CH1 J28
33663 Weyerhaeuser Way South
Federal Way, Washington 98003
Tel.: (253) 924-5032
Fax: (253) 928-2582

NOTICE: This communication (including all attachments) may contain privileged or other confidential information. If you are not the intended recipient or have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please delete the copy you received and advise the sender that you have received this email in error.

DOMWEY00021235



**Domtar**

Domtar Inc
395 de Maisonneuve Blvd. West
Montreal, QC H3A 1L6
T 514-848-5555
www.domtar.com

July 31, 2013

Weyerhaeuser
Corporate Headquarters
PO Box 9777
Federal Way, WA
98063-9777

<u>VIA EMAIL</u>
<u>& REGULAR MAIL</u>

Dear Mr. Smucker:

We are in receipt of your letter dated July 8, 2013. We continue to reject your contention that, under the terms of the Amended and Restated Contribution Agreement and Distribution Agreement, dated January 25, 2007 (as amended, the "Contribution Agreement), and the Amended and Restated Transaction Agreement, dated January 25, 2007 (as amended, the "Transaction Agreement" and, together with the Contribution Agreement, the "Spin-off Agreements"), Domtar Corporation or its subsidiaries (collectively, "Domtar") is responsible for U.S. workers compensation claims filed by Weyerhaeuser employees (the "Weyerhaeuser Employees") who were not transferred to Domtar as employees as part of the spin-off of Weyerhaeuser's fine paper business to Domtar (the "Spin-Off transaction"). The Spin-off Agreements provide that these liabilities were retained by Weyerhaeuser and its subsidiaries.

As you acknowledge, we have repeatedly explained that under Section 2.03(a)(vii) of the Contribution Agreement, Domtar assumed responsibility only for "all employment and employee benefit-related Liabilities with respect to Transferred Employees and their dependents and beneficiaries (regardless of when or whether such Liabilities arose, arise or were incurred) . . . ." Even if, for the sake of argument, your statement that U.S. workers compensation liabilities are "mandated by statute" might be relevant to the question of whether they constitute "employee benefit-related Liabilities," such workers compensation is clearly "employment-related" and thus, under the provision quoted above, Domtar is responsible for workers compensation benefits only for persons who became Transferred Employees. Accordingly, Domtar's position finds direct and unambiguous support in the plain language of the Contribution Agreement.

And indeed, Weyerhaeuser acknowledged this understanding several years ago. Weyerhaeuser asserted in 2007 that the Post-Closing Working Capital Adjustment should be reduced by $13,594,814 for an accrual for workers compensation claims, including for non-Transferred Employees. Following much correspondence and several discussions,

Confidential

DOMWEY00021236

Weyerhaeuser acknowledged, in Anne Giardini's letter dated November 26, 2008, that "we are all agreed that US workers compensation liability went to Domtar only for employees who became able to work in some capacity at Domtar." The parties thereafter arranged for the payment by Domtar of the appropriate amount owed pursuant to this common understanding, and the previous dispute concerning workers compensation was removed from subsequent discussions. Workers compensation liabilities were not included in the list of unresolved issues set forth in either Domtar's September 1, 2009 letter concerning "remaining unresolved issues" or Weyerhaeuser's September 30, 2009 letter setting forth "issues for resolution." Accordingly, workers compensation was not included in the outstanding Post-Closing Disputed Items that remained to be resolved in the Settlement Agreement dated as of December 21, 2009. It was not until certain asbestos-related workers' compensation claims arose that Weyerhaeuser again asserted that Domtar was responsible for U.S. workers compensation payments for employees who never worked for Domtar.

The conclusion that Domtar did not assume liability for claims relating to already-retired employees is also supported by Section 6.09(a)(iii) of the Transaction Agreement. The Weyerhaeuser Employees consisted of two groups: (i) former employees of Weyerhaeuser's fine paper business who had retired prior to the Spin-Off Transaction, a liability clearly retained by Weyerhaeuser; and (ii) employees of the fine paper business who were still employed but were receiving workers compensation benefits and not working at the time of the Spin-Off transaction, and who never returned to work. Section 6.09(a)(iii) of the Transaction Agreement expressly addresses the second group, stating in pertinent part:

> "Newco Employees employed in the United States who are absent from work and receiving workers compensation benefits related to such absence ("U.S. WC Newco Employees") will not become Transferred Employees until such time, if any, as they are determined by the relevant insurer to be able to return to employment and present themselves for re-employment, at which time any such employee shall be offered continuing employment, to the extent such employee is able to return to employment, with Newco on the terms and conditions generally applicable to Transferred Employees under this Section 6.09. Prior to such time, Weyerhaeuser shall retain all liability with respect to providing workers compensation benefits to U.S. WC Newco Employees to the extent the U.S. WC Newco Employees are eligible to receive such benefits." (emphasis supplied)

This provision that the U.S. WC Newco employees would not become Transferred Employees unless and until they returned to active employment, and that Weyerhaeuser therefore retained liability for their workers compensation benefits, is consistent with and supports Domtar's position that, under Section 2.03(a)(vii) of the Contribution Agreement, Domtar assumed responsibility for workers compensation benefits only for persons who were Transferred Employees. Moreover, your argument



**Domtar**

2

that Domtar assumed liability for workers compensation benefits for employees who had already retired when it did not assume such liability for the U.S. WC Newco Employees, who were still employees of the fine paper business but not working, makes no sense. In light of these specific provisions of the Spin-off Agreements, there is no support for your argument that workers compensation liabilities were intended to be covered by the generalized provisions of Sections 2.03(a)(v) and (vi) of the Contribution Agreement relating generally to activities conducted at the Transferred Real Property or the operation or conduct of the Newco Business. Such liabilities with respect to non-Transferred Employees were clearly retained by Weyerhaeuser.

In short, we believe there is no basis for your threatened claims and are unwilling to modify the substantive terms of the Spin-Off Agreements. We also see no reason to deviate from the dispute resolution provisions that the parties agreed to in the Spin-Off Agreements, and we accordingly decline to agree to arbitration of any claims you may bring. We note that Weyerhaeuser has, under Section 4.02 of the Contribution Agreement, indemnified Domtar from all claims and expenses, including legal fees and expenses, to the extent arising from any Retained Liability or "the failure of any member of the Weyerhaeuser Group to pay, perform or otherwise promptly discharge any Retained Liabilities." Thus, Weyerhaeuser would be responsible for Domtar's expenses of defending itself against any litigation Weyerhaeuser may bring concerning the claims asserted in your letter.

Very truly yours,

Zygmunt Jablonski
Senior Vice President, Law and Corporate Affairs

Domtar

3

Confidential

DOMWEY00021238

# EXHIBIT V



EXHIBIT
143
JUNE 9/15

## AGREEMENT TO TERMINATE
## CERTAIN HEALTH AND WELFARE TRANSITION SERVICES

THIS AGREEMENT to terminate certain health and welfare transition services (hereinafter, this "Agreement") is made as of February 28, 2013 (hereinafter, the "Execution Date") among Weyerhaeuser Company, a Washington corporation, Weyerhaeuser Company Limited, a corporation governed by the Canada Business Corporations Act (collectively "Weyerhaeuser") and Domtar Corporation, a Delaware corporation ("Domtar").

WHEREAS, Domtar, Weyerhaeuser and their respective subsidiaries (collectively, the "Parties") entered into a series of agreements pursuant to which the Parties thereto effected the transfer of certain assets from Weyerhaeuser to Domtar and certain related transactions which was completed on March 7, 2007 (hereinafter, the "Sale"), including: (i) the Amended and Restated Transaction Agreement, dated January 25, 2007, as amended (hereinafter, the "Transaction Agreement"); (ii) the Amended and Restated Contribution Agreement and Distribution Agreement, also dated January 25, 2007, as amended (hereinafter, the "Contribution Agreement"); (iii) the Canadian Purchase Agreement, dated March 5, 2007; and (iv) the Transition Services Agreement, dated March 5, 2007; and

WHEREAS, pursuant to the terms of the Transition Services Agreement, Weyerhaeuser has provided transition services to Domtar since March 2007 for the administration, claim payment and other services (as set forth in Schedule B to the Transition Services Agreement) with respect to certain health and welfare benefit plans covering U.S. and Canadian employees who were transferred by Weyerhaeuser to Domtar in March 2007 as part of the Sale. These benefit plans were liabilities that Domtar acquired pursuant to the terms of Section 2.03(a)(vii) of the Contribution Agreement; and

WHEREAS, the Parties desire to terminate the Transition Service Agreement with respect to certain health and welfare transition services that Weyerhaeuser is currently providing and enter into an agreement pursuant to which, as of January 1, 2013, Weyerhaeuser will agree to assume liability for certain health and welfare benefits in exchange for a cash payment from Domtar and Domtar will agree to assume full responsibility for certain other health and welfare benefits plans, as described below.

NOW THEREFORE, in consideration of the mutual promises contained herein, the Parties agree (on behalf of themselves and their subsidiaries) as follows:

1.  Pursuant to Section 11.3(a) of the Transition Services Agreement, the Parties, on behalf of themselves and their subsidiaries, mutually agree to terminate Weyerhaeuser's provision, on behalf of Domtar, of transition services relating to certain health and welfare benefit plans to U.S. and Canadian employees who were transferred to Domtar with the Sale, effective January 1, 2013 at 12:01 a.m., as set forth in more detail in Paragraphs 2- 6, below.

WEY00015948

2. Effective January 1, 2013 at 12:01 a.m., Weyerhaeuser hereby irrevocably assumes and agrees to faithfully pay, perform and discharge, and to indemnify, defend and hold harmless Domtar and each of its subsidiaries and affiliates from, the following benefit liabilities, obligations and commitments (the "Assumed Liabilities"):

    a. For Canadian employees who were transferred by Weyerhaeuser to Domtar with the Sale and are specifically identified on the list attached as Exhibit A, all liabilities, obligations and commitments under and with respect to the Advantages Retiree Benefit Plan and the "Old Plan" Retiree Benefit Plan:
        i. Basic retiree life insurance;
        ii. British Columbia ("BC") Medical Services Plan ("MSP");
        iii. CSA Extended Medical Plan;
        iv. CSA BC Reduced Retirement 55 + 10 years
        v. CSA Extended Medical Weyco Canadian Plan; and
        vi. CSA Extended Medical.

    b. For U.S. salaried employees who were transferred by Weyerhaeuser to Domtar with the Sale and enrolled before July 1, 2012, and are specifically identified on the list attached as Exhibit B, all liabilities, obligations and commitments under and with respect to:
        i. Medical coverage under the Medical Plus Plan for Retirees up until Medicare eligibility

    c. For U.S. hourly employees who were transferred by Weyerhaeuser to Domtar with the Sale and are specifically identified on the list attached as Exhibit C, all liabilities, obligations and commitments under and with respect to:
        i. Retiree Life Insurance coverage under the Weyerhaeuser Company Life and Disability Plan.

Pursuant to the terms of the specific plans as in effect on the date hereof, retirees enrolled in the plans described in 2.a and 2.b, above, will continue to pay a portion of the cost of their plans after Weyerhaeuser assumes liability for those plans. From and after January 1, 2013, the Assumed Liabilities shall be treated as Retained Liabilities for purposes of the Contribution Agreement.

3. Domtar agrees to reimburse costs incurred by Weyerhaeuser to administer the benefit plans described in Paragraph 2 up until January 1, 2013 at 12:01 a.m., in accordance with the terms of the Transition Services Agreement. The final invoices for these costs were submitted to Domtar on December 31, 2012 and Domtar shall reimburse such costs no later than

WEY00015949

February 15, 2013. As of 12:01 a.m. on January 1, 2013, Weyerhaeuser will discontinue providing all transition services with respect to these benefits plans on Domtar's behalf.

4. Effective May 1, 2013 at 12:01 a.m., Domtar agrees to assume responsibility for the HRA plan provided by Weyerhaeuser for U.S. workers who retired, were enrolled and were Medicare eligible before July 1, 2012 and are specifically identified on the list attached as Exhibit D. As of 12:01 a.m. on May 1, 2013, these retirees will no longer be enrolled in Weyerhaeuser's HRA plan and Weyerhaeuser will no longer have any responsibility for administering this plan. Domtar agrees to reimburse Weyerhaeuser for administering the HRA plan up until May 1, 2013 at 12:01 a.m., in accordance with the terms of the Transition Services Agreement.

5. Effective February 1, 2013 at 12:01 a.m., Domtar agrees to assume full responsibility for the payment of the cost of living adjustment of the Long Term Disability benefits for the employees of the Dryden, Ontario mill who were transferred by Weyerhaeuser to Domtar with the Sale and are specifically identified on the list attached as Exhibit E. As of February 1, 2013 Weyerhaeuser will no longer have responsibility for the administration and payment of the cost of living adjustment mentioned above. For greater clarity, these employees will continue to be enrolled in Weyerhaeuser's LTD plan and Weyerhaeuser will have responsibility for administering the base benefits covered under this insured plan. However, Domtar will have sole responsibility for administering and paying any and all cost of living adjustments to these LTD benefits, whether implemented in the past or in the future. Domtar agrees to reimburse Weyerhaeuser for administering the cost of living adjustment of the LTD benefits that are administered under a cost plus agreement with Manulife, in accordance with the terms of the Transition Services Agreement, until such time as a direct billing arrangement for the cost of living adjustments is established between Manulife and Domtar, but in no event shall this direct billing arrangement be established later than May 1, 2013.

6. The scope of this Agreement is limited to benefits provided to individual employees identified on the lists attached as Exhibits A, B, C, D and E. The provision of benefits to employees not specifically identified on these lists is not covered by this Agreement.

7. In exchange for Weyerhaeuser's agreement to assume the Assumed Liabilities identified in Paragraph 2, Domtar agrees to pay Weyerhaeuser the following amounts (collectively, the "Settlement Sums"), plus interest thereon accruing from January 1, 2013 until the date of payment at the annual rate of 3.25% (which totals USD$273.37 per day for the $3,070,168 U.S. benefits portion and CAD$36.06 per day for the $405,000 Canadian benefits portion):

    a. For Canadian post-retirement benefits:        CAD $   405,000

WEY00015950

|   | | |
|---|---|---|
| b. | For the U.S. Retiree Life Insurance benefits: | USD $2,172,378 |
| c. | For the U.S. Pre-65 Medical benefits: | USD $  896,165 |

8.   Within ten (10) days of the Execution Date of this Agreement, the Settlement Sums plus the applicable interest thereon shall be wired by Domtar to Weyerhaeuser NR Company (Fed. ID# 26-3481257), a wholly-owned subsidiary of Weyerhaeuser Company using the following instructions:

Bank Reference:   JP Morgan Chase Bank, Los Angeles
                          A/C#: 324 003064
      Contact:          Shelley Dam PH: (213) 576-1515; FAX: (213) 576-1568

The Parties agree to allocate the payment and receipt of the Settlement Sums among their respective subsidiaries as appropriate and in accordance with the Contribution Agreement, the Transaction Agreement and any other relevant agreements.

9.   This Agreement does not address three categories of U.S. workers compensation claims (hereinafter, the "Non-Addressed Workers Comp Claims"): (a) the administration of open U.S. workers compensation claims relating to pre-Sale events filed by employees who were transferred by Weyerhaeuser to Domtar with the Sale, which is a Domtar liability that is currently being administered by Weyerhaeuser; (b) the administration of formerly closed U.S. workers compensation claims relating to pre-Sale events, that are reopened and are filed after the Sale by employees who were transferred by Weyerhaeuser to Domtar with the Sale, which is a Domtar liability that is currently being administered by Weyerhaeuser; and (c) the administration of and liability for U.S. workers compensation claims filed by Weyerhaeuser employees who were not transferred to Domtar as part of the Sale but whose claims relate to a site or operation that was transferred to Domtar as part of the Sale The Parties intend to address issues relating to these Non-Addressed Workers Comp Claims at a later date after the Parties have finalized the population of claims to be included in a settlement. Pending the later addressing of those issues, the Parties reserve all rights with respect to the Non-Addressed Workers Comp Claims.

10.   This Agreement shall bind and inure to the benefit of the Parties hereto, their affiliates and each of their present and former partners, officers, directors, employees, attorneys, predecessors, shareholders, successors, parents, affiliates, members, subsidiaries, heirs, executors, administrators and assigns.

11.   This Agreement shall be subject to the governing law, jurisdiction, dispute resolution and related provisions of Section 19 of the Transition Services Agreement and, in respect of the Assumed Liabilities, the Indemnification provisions of Article IV of the Contribution Agreement.

WEY00015951

12. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. It may be modified only by a writing signed by both Parties.

13. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining provisions shall not be affected thereby, and said illegal, unenforceable and invalid part, term or provision shall be deemed not to be a part of this Agreement, provided that the Parties agree that the court shall, if possible, construe this Agreement so as to give full force and effect to each of its provisions.

14. This Agreement may be signed in multiple counterparts that, taken together, shall be deemed to constitute one Agreement. Fax, scanned, Adobe Acrobat or pdf copies of signature pages shall be considered equivalent to originals.

*[The remainder of this page is intentionally left blank; the next page is the signature page.]*

WEY00015952

IN WITNESS HEREOF, the Parties have caused their duly authorized representatives to execute this Agreement.

DOMTAR CORPORATION

Name: Melissa H Anderson
Title: SVP, Human Resources
Date: February 28, 2013

WEYERHAEUSER COMPANY

By
Name: Sandy McDade
Title: Senior VP and General Counsel

Date: _____

WEYERHAEUSER COMPANY LIMITED

By: _____
Name: Anne Giardini
Title: President

Date: March 11, 2013

WEY00015953

# EXHIBIT W

EXHIBIT

227

JUNE/dis

PENGAD 800-631-6989

| From: | Smucker, Conrad |
|---|---|
| To: | Brzezinski, Ania |
| CC: | Douthwaite, Charlie; Kameenui-Ramirez, Bree |
| Sent: | 11/4/2014 7:01:01 PM |
| Subject: | Request for Reconsideration of Stan Wesner Tender Rejection |

Ania,

My colleague, Bree Kame'enui-Ramirez, has advised me that last week (Oct. 30th) Domtar rejected Weyerhaeuser's 9/2/14 tender of the Stan and Wanda Wesner v. A.W. Chesterton Co. et al. asbestos personal injury matter that is pending in the Third Judicial Circuit Court of Madison County, Illinois (Case no. 14-L-1115). (A copy of the tender letter and complaint is attached.)

I am writing to request that Domtar reconsider its rejection of this tender, as this claim clearly falls within Domtar's contractual obligations and is not a worker's compensation claim that is part of the ongoing litigation between our companies in Delaware. This rejection is also inconsistent with Domtar's treatment of outside lawsuit tenders to date.

The Wesner complaint seeks damages from Weyerhaeuser and other companies arising from plaintiff's alleged exposure to asbestos and subsequent contraction of mesothelioma as a result of working at Weyerhaeuser's Plymouth, NC facility in 1965 under theories of negligence and willful/wanton misconduct. Wesner is not seeking damages under the workers compensation laws. Consequently, this claim is not the subject of the parties' lawsuit in Delaware relating to workers compensation claims. Domtar's assertion that it only assumed liabilities for employment and employee benefit-related liabilities under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement (hereinafter, the "Contribution Agreement") does not apply to this claim. Similarly, Domtar's claim that Weyerhaeuser waived its right to seek reimbursement for workers compensation liabilities involving retired employees also does not apply.

To date, Weyerhaeuser has consistently tendered lawsuits relating to pre-2007 asbestos exposures arising at the Plymouth mill and other locations that were sold to Domtar with the March 2007 Fine Paper business sale and Domtar has consistently accepted such tenders. Recent examples of such suits that were accepted include the James Modlin, Joseph Voight and Audrey Williams Brown cases. Unlike U.S. workers comp claims, Domtar has never asserted that Weyerhaeuser waived its right to ask Domtar to assume the defense and indemnity costs associated with such non-workers comp claims. I do not understand why Domtar has now changed its position.

Finally, as you are aware, the Section 2.03(a) of the Contribution Agreement broadly transferred to Domtar all liabilities at any time arising out of the businesses and assets that were transferred to Domtar with the Fine Paper sale. As the Wesner claim clearly relates to a transferred business, Domtar retains liability for it.

In light of the foregoing, Domtar does not have any reasonable basis for rejecting the Wesner claim. I request that you reconsider your position and avoid needless additional litigation over this issue.

Conrad J. Smucker
Chief Competition Counsel
Law & Corporate Affairs Dept.
Weyerhaeuser

WEY00018945

CH1 J28
33663 Weyerhaeuser Way South
Federal Way, Washington 98003
Tel.: (253) 924-5032
Fax: (253) 928-2582

NOTICE: This communication (including all attachments) may contain privileged or other
confidential information. If you are not the intended recipient or have received this
communication in error, please do not print, copy, retransmit, disseminate, or otherwise use
the information. Also, please delete the copy you received and advise the sender that you have
received this email in error.

WEY00018946

# EXHIBIT X

EXHIBIT
228
JUNG 10/15
PENGAD 800-631-6989

| | |
|---|---|
| **From:** | Smucker, Conrad |
| **To:** | Brzezinski, Ania |
| **CC:** | Douthwaite, Charlie; Kameenui-Ramirez, Bree |
| **Sent:** | 11/4/2014 7:15:46 PM |
| **Subject:** | Request for Reconsideration of Domtar's Rejection of Charles Bowen v. Aesys Technologies, et al. Tender |

Ania,

It has just come to my attention that recently Domtar also rejected the tender of another non-worker comp case (Charles Bowen v. Aesys), again erroneously claiming that it was covered by the ongoing workers compensation litigation.

For the reasons set forth in my email of earlier today regarding the Wesner case, I request that Domtar reconsider its rejection of the Bowen tender in order to avoid a new claim in the ongoing litigation.

Conrad J. Smucker
Chief Competition Counsel
Weyerhaeuser
Tel.: (253) 924-5032

From: Kameenui-Ramirez, Bree
Sent: Tuesday, November 04, 2014 11:04 AM
To: Smucker, Conrad
Subject: FW: Weyehaeuser tender re Charles Bowen v. Aesys Technologies, et al.

Bree H. Kame'enui-Ramirez

Litigation Attorney

Weyerhaeuser Company

Ph.: 253-924-6150

From: Douthwaite, Charlie
Sent: Friday, April 11, 2014 7:59 AM
To: Kameenui-Ramirez, Bree
Subject: Fwd: Weyehaeuser tender re Charles Bowen v. Aesys Technologies, et al.

FYI

Sent from my iPhone

Begin forwarded message:

From: "Brzezinski, Ania" <Ania.Brzezinski@domtar.com>
Date: April 11, 2014 7:13:57 AM PDT
To: "Douthwaite, Charlie" <charlie.douthwaite@weyerhaeuser.com>
Subject: Weyehaeuser tender re Charles Bowen v. Aesys Technologies, et al.

Dear Charlie,

I am in receipt of your letter dated March 28, 2014. We assume that Weyerhaeuser will assert
the workers' compensation bar as part of its defense of this claim. Under Section 2.03(a)(vii)
of the Amended and Restated Contribution and Distribution Agreement, dated January 25, 2007
(as amended, the "Contribution Agreement), and the Amended and Restated Transaction Agreement,
dated January 25, 2007 (as amended, the "Transaction Agreement" and, together with the
Contribution Agreement, the "Spin-off Agreements"), Domtar Corporation or its subsidiaries
(collectively, "Domtar") assumed all employment and employee benefit-related Liabilities with
respect to Transferred Employees only. According to the information provided in the complaint
that was attached to your letter, Mr. Bowen was an employee of Weyerhaeuser's from 1962-1998
and was not a Transferred Employee.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for
this claim filed by Mr. Bowen and we therefore decline to assume the defense of this claim.


Very truly yours,


Ania Brzezinski, Vice President, Legal Services
Domtar Corporation
P 514-848-5003 | F 514-848-6850 | Email: ania.brzezinski@domtar.com
<mailto:|ania.brzezinski@domtar.com>

http://www.domtar.com/logomail/DomtarLogo.jpg

Domtar   .

395 de Maisonneuve Blvd. West

Montreal, QC H3A 1L6 Canada




Paper informs us, persuades us, educates us and organizes us. It's OK to use paper. Learn
More. <http://www.domtar.com/en/paper-resources/paper_is_good.asp>

This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality
Notice. <http://www.domtar.com/en/email-policy/index.asp>


WEY00018982