## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEYERHAEUSER COMPANY, a Washington corporation, | |
| Plaintiff, | |
| v. | C.A. No. 14-24-SLR |
| DOMTAR CORPORATION, a Delaware corporation, and DOMTAR PAPER COMPANY, LLC, a Delaware limited liability company, | **REDACTED VERSION** |
| Defendants. | |

**DECLARATION OF LAURIE LOOTENS CHYZ IN SUPPORT OF
WEYERHAEUSER COMPANY'S OPPOSITION TO DOMTAR'S MOTION FOR SUMMARY
JUDGMENT**

I, Laurie Lootens Chyz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am an attorney with the firm of Hillis Clark Martin & Peterson P.S., which represents Plaintiff in this action.  I have personal knowledge of the matters set forth in this declaration and am competent to testify in this matter.

2.      ███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████

3.      Attached as Exhibit A are true and correct copies of excerpts from the parties' Amended and Restated Contribution and Distribution Agreement, dated January 25, 2007.

4.      Attached as Exhibit B are true and correct copes of excerpts from the deposition of Ania Brzezinski, taken June 10, 2015.

5.      Attached as Exhibit C is a true and correct copy of deposition exhibit 163. Testimony authenticating that exhibit can be found in the Brzezinski deposition at 87:20-91:22, 273:6-274:19, 274:24-276:9.

6.      Attached as Exhibit D is a true and correct copy of deposition exhibit 164. Testimony authenticating that exhibit can be found in the Brzezinski deposition at 87:20-91:22, 273:6-274:19, 274:24-276:9.

7.      Attached as Exhibit E is a true and correct copy of deposition exhibit 196. Testimony authenticating that exhibit can be found in the Brzezinski deposition at 207:10-16.

8.      Attached as Exhibit F is a true and correct copy of deposition exhibit 197. Testimony authenticating that exhibit can be found in the Brzezinski deposition at 208:5-21.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of October, 2015, at Seattle, WA.

**Redacted Version Filed: October 20, 2015**

_Laurie Lootens Chyz_

LAURIE LOOTENS CHYZ

# Exhibit A

AMENDED AND RESTATED

CONTRIBUTION AND DISTRIBUTION AGREEMENT

AMONG

WEYERHAEUSER COMPANY

AND

DOMTAR PAPER COMPANY, LLC

AND

DOMTAR CORPORATION

DATED AS OF JANUARY 25, 2007

TABLE OF CONTENTS

Page

ARTICLE I

Definitions

ARTICLE II

The Contribution

SECTION 2.01. Transfer of Assets and Assumption of Liabilities between Weyerhaeuser and Newco...................................................14
SECTION 2.02. Newco Assets.................................................................15
SECTION 2.03. Newco Liabilities...........................................................20
SECTION 2.04. Post-Closing Working Capital Adjustment.................................22
SECTION 2.05. Documents Relating to Transfers of Newco Assets and Assumption of Newco Liabilities ...............................25
SECTION 2.06. Other Ancillary Agreements .............................................26
SECTION 2.07. The Canadian Asset Sale.................................................26
SECTION 2.08. Disclaimer of Representations and Warranties...........................27
SECTION 2.09. Governmental Approvals and Consents..................................28
SECTION 2.10. Separation of Contractual Arrangements.................................29
SECTION 2.11. Employee Matters .........................................................30
SECTION 2.12. Transfer of Newco Equity Interests and Issuance of Spinco Common Stock...............................31

ARTICLE III

The Distribution

SECTION 3.01. Form of Distribution ......................................................33
SECTION 3.02. The Distribution............................................................33
SECTION 3.03. Delivery of Shares of Spinco Common Stock ..........................34
SECTION 3.04. Timing of the Distribution ...............................................34

ARTICLE IV

Mutual Releases; Indemnification

SECTION 4.01. Release of Pre-Distribution Claims......................................35
SECTION 4.02. Indemnification by Weyerhaeuser .......................................36
SECTION 4.03. Indemnification by Spinco ................................................37
SECTION 4.04. Indemnification by Weyerhaeuser Canada and Weyerhaeuser Saskatchewan.............................37
SECTION 4.05. Indemnification by Newco Canada Exchangeco ........................38

i

SECTION 4.06. Indemnification Procedures ...................................................39
SECTION 4.07. Indemnification as Sole and Exclusive Remedy....................40
SECTION 4.08. Calculation of Indemnity Payments.......................................41
SECTION 4.09. Additional Matters .................................................................41

## ARTICLE V

### Conditions to the Contribution and Distribution

SECTION 5.01. Transaction Agreement ..........................................................41
SECTION 5.02. Spinco Financing.....................................................................41

## ARTICLE VI

### Certain Other Matters

SECTION 6.01. Rights Under Weyerhaeuser Insurance Policies .....................42
SECTION 6.02. Registration Prior to the Distribution Date ............................43
SECTION 6.03. Financing Arrangements.........................................................43
SECTION 6.04. Enforcement of Confidentiality Agreements .........................43
SECTION 6.05. Site Separation Requirements ................................................44

## ARTICLE VII

### Additional Covenants

SECTION 7.01. Agreement for Exchange of Information; Archives ...............44
SECTION 7.02. Further Assurances...................................................................45
SECTION 7.03. No Use of Certain Retained Names .......................................45
SECTION 7.04. Permits .....................................................................................46
SECTION 7.05. Removal of Certain Property ..................................................46
SECTION 7.06. Covenant Not to Compete.......................................................46
SECTION 7.07. Cooperation with respect to Quarterly Reports.....................47
SECTION 7.08. Canadian Asset Sale Structure ...............................................48

## ARTICLE VIII

### Termination

SECTION 8.01. Termination by Mutual Consent .............................................48
SECTION 8.02. Other Termination....................................................................48
SECTION 8.03. Effect of Termination..............................................................48

## ARTICLE IX

### Miscellaneous

SECTION 9.01. Notices .....................................................................................48

ii

[[2672857]]

SECTION 9.02. Interpretation ........................................................................50
SECTION 9.03. Severability ...........................................................................50
SECTION 9.04. Counterparts ..........................................................................51
SECTION 9.05. Entire Agreement ..................................................................51
SECTION 9.06. Third Party Beneficiaries .....................................................51
SECTION 9.07. Governing Law .....................................................................51
SECTION 9.08. Assignment ............................................................................51
SECTION 9.09. Enforcement ..........................................................................51
SECTION 9.10. Amendments .........................................................................52
SECTION 9.11. Expenses ................................................................................52

EXHIBITS

Description of Newco Canada Exchangeco Assets and Newco Canada Exchangeco
     Liabilities ............................................................................................... A
Form of Intellectual Property License Agreement .......................................... B

[[2672857]]

by motion or other request for leave from any such court, (c) agrees that it will not bring any action relating to the Contribution, the Distribution, this Agreement or any Ancillary Agreement in any court other than any Federal court sitting in the State of Delaware or, if such Federal courts do not have subject matter jurisdiction, any Delaware state court and (d) waives any right to trial by jury with respect to any action related to or arising out of the Contribution, the Distribution, this Agreement or any Ancillary Agreement.

SECTION 9.10.  Amendments.  No provisions of this Agreement or any Ancillary Agreement shall be deemed waived, amended, supplemented or modified by any party, unless such waiver, amendment, supplement or modification is in writing and signed by the authorized representatives of (i) the Person against whom it is sought to enforce such waiver, amendment, supplement or modification, and (ii) if such waiver, amendment, supplement or modification occurs prior to the Effective Time, Domtar.

SECTION 9.11.  Expenses.  Except as expressly set forth in this Agreement or in any Transaction Document, all costs and expenses and third party fees, paid or incurred in connection with the Contribution, the Distribution, this Agreement or any Transaction Document shall be paid in accordance with Section 6.11 of the Transaction Agreement.

[[2672857]]

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives.

WEYERHAEUSER COMPANY,

By: _____

Name:   Richard J. Taggart
Title:   Executive Vice President

DOMTAR PAPER COMPANY, LLC,
By Weyerhaeuser Company, as its sole member,

By: _____

Name:   Jeffrey W. Nitta
Title:   Vice President

DOMTAR CORPORATION,

By: _____

Name:   Jeffrey W. Nitta
Title:   Vice President

Domtar hereby agrees to the above amendment and restatement of the Contribution and Distribution Agreement, dated as of August 22, 2006, among Weyerhaeuser, Newco and Spinco in accordance with Section 9.10 of such agreement.

DOMTAR INC,

By: _____

Name: _____

Title: _____

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives.

WEYERHAEUSER COMPANY,

By: _____
        Name:
        Title:

DOMTAR PAPER COMPANY, LLC,
By Weyerhaeuser Company, as its sole member,

By: _____
        Name:
        Title:

DOMTAR CORPORATION,

By: _____
        Name:
        Title:

Domtar hereby agrees to the above amendment and restatement of the Contribution and Distribution Agreement, dated as of August 22, 2006, among Weyerhaeuser, Newco and Spinco in accordance with Section 9.10 of such agreement.

DOMTAR INC.,

By: _____
        Name:
        Title:

# Exhibit B

1              IN THE UNITED STATES DISTRICT COURT

2                 OF THE DISTRICT OF DELAWARE

3

4

5    WEYERHAEUSER COMPANY,          )
                                    )
6                                   )
     Plaintiff,                     )
7                                   )
     -VS-                           ) C.A. No. 14-00024-SLR
8                                   )
     DOMTAR CORPORATION,            )
9    DOMTAR PAPER COMPANY LLC,      )
                                    )
10

     Defendants.
11

12

            DEPOSITION OF ANIA BRZEZINSKI
13            ON WEDNESDAY, JUNE 10, 2015
              IN MONTREAL, QUEBEC, CANADA.
14

15

16

17

18

19

20

21

22

23

24   Reported By: CHERIE KLEIN

25   Job No: 94141

 1
      APPEARANCES
 2

 3    FOR DEFENDANT DOMTAR

 4    DEBEVOISE & PLIMPTON
      BY:  GARY KUBEK, ESQUIRE
 5         ALEX GINSBERG, ESQUIRE
      919 Third Avenue
 6    New York, NY 10022

 7

 8

 9    FOR PLAINTIFF WEYERHAEUSER AND THE WITNESS

10    HILLIS CLARK MARTIN & PETERSON
      BY:  JAKE EWART, ESQUIRE
11         LAURIE LOOTENS CHYZ, ESQUIRE
      1221 Second Avenue
12    Seattle, WA 98101

13

14

15

16    ALSO PRESENT:  CONRAD J. SMUCKER, ESQUIRE
                     IN-HOUSE COUNSEL FOR WEYERHAEUSER
17

18

19

20

21

22

23

24

25

1              ANIA BRZEZINSKI

2              THE WITNESS:  I think she would have

3    been seeking advice, so that's why she was

4    sending it to me.

5    BY MS. CHYZ:

6         Q.    Do you know whether Domtar accepted

7    this claim?

8         A.    I don't recall.

9         Q.    And in making the determination

10   whether Domtar should accept it, what factors

11   would you look at?

12        A.    I think we would have looked at the

13   nature of the claim, whether this was a

14   transferred employee or not and what other

15   information we could obtain.

16        Q.    What other information would you

17   use?

18        A.    Sometimes their responses to

19   interrogatories that provide more colour and

20   things like that, and so we would have seen if

21   there was anything out there of that nature.

22        Q.    And what material information would

23   you be looking for in the answers to

24   interrogatories?

25        A.    If this was a third party who had

```
 1                     ANIA BRZEZINSKI

 2   been on the premises or this was actually

 3   somebody who had worked there, the period they

 4   would have worked and so forth.

 5        Q.    Okay.  But you don't recall whether

 6   Weyerhaeuser accepted the claim from Irving Lee

 7   Davis?

 8             MR. KUBEK:  I think you misspoke. I

 9   think you meant to ask whether Domtar accepted

10   it.

11   BY MS. CHYZ:

12        Q.    Whatever I said, I meant do you have

13   any knowledge of whether Domtar accepted the

14   claim that was tendered regarding Davis?

15        A.    Not this specific one, no.  I would

16   have to refresh my memory.

17             Exhibit 163 was marked for

18   identification.

19   BY MS. CHYZ:

20        Q.    Okay. Take a look at what's been

21   marked as Exhibit 163, which is an e-mail from

22   Conrad Smucker to you tendering a claim by Philip

23   Cieslek.  Do you recall receiving this e-mail

24   from Conrad Smucker?

25        A.    Not specifically.
```

```
 1                    ANIA BRZEZINSKI

 2        Q.    Do you recall looking at the

 3   materials related to Philip Cieslek?

 4        A.    I must have.

 5        Q.    Do you know whether Domtar accepted

 6   the tender of Philip Cieslek's claim?

 7        A.    Again, without refreshing my memory,

 8   I don't remember offhand.

 9        Q.    And this is a lawsuit as opposed to

10   a workers compensation claim.  Is that material

11   in your analysis of whether or not Domtar is

12   liable for this claim?

13        A.    I think it could have been at that

14   period.  I don't know.

15        Q.    When you say it could have been at

16   that period, is that something that changed?

17        A.    I think -- our thinking on this may

18   have evolved subsequent to what was agreed with

19   the parties.

20        Q.    What do you mean by that?

21        A.    That we only got the liability for

22   transferred employees without making a

23   distinction as to whether they were, you know,

24   going under workers compensation or seeking a

25   civil recourse.
```

1                    ANIA BRZEZINSKI

2        Q.     Okay.  And when did that evolution

3   happen?

4        A.     I think that would have happened

5   post-2008.

6        Q.     And tell me why the thinking changed

7   post-2008.

8        A.     Well, because the parties agreed

9   that we only got responsibility for the

10  transferred employees.

11       Q.     Okay.  So pre-2008 it may have been

12  material whether it was litigation or workers

13  compensation, and post-2008 it was not material?

14       A.     It could have been.  It could have

15  been that we had, as I said, evolved in our

16  thinking at that point based on what was

17  subsequently agreed.

18       Q.     Okay.  At this point in October 2007

19  was it material that it was litigation as opposed

20  to workers compensation?

21       A.     I don't recall specifically.  As I

22  said, I don't recall specifically this particular

23  tender.  I would have to refresh my memory, but

24  offhand I can't say.

25       Q.     What would you have to do to refresh

1                    ANIA BRZEZINSKI

2    your memory?

3         A.    I would have to look at what we

4    looked at back then and how we decided whether we

5    accepted it or not.  I can't even tell you if we

6    accepted it or not.

7         Q.    What would you look at to tell you

8    the factors that went into your decision in

9    October 2007?

10        A.    I think to see to the extent that

11   there are any documents available that would have

12   formed the basis of why we decided something at

13   that point.  I can't recall without going back

14   and refreshing my memory on that.

15        Q.    If you went back and refreshed your

16   memory, what would you do to do that?

17        A.    Look at whatever contemporaneous

18   documents are available.

19        Q.    Is this in a file labelled Cieslek?

20        A.    There may be a file name.

21        Q.    Is that where you would look to find

22   the contemporaneous materials?

23        A.    It might be.

24        Q.    If it's not there, is there any

25   other place you would look?

```
 1                    ANIA BRZEZINSKI

 2        A.      No.  Most likely it would be there.

 3                Exhibit 164 was marked for

 4   identification.

 5   BY MS. CHYZ:

 6        Q.      Take a look at what has been marked

 7   as Exhibit 164, which is a letter from Conrad

 8   Smucker -- Conrad -- a letter from Stephen Busch

 9   to Conrad Smucker related to the Cieslek case

10   saying that Stephen Busch has received a copy of

11   your communication dated October -- your, Ania

12   Brzezinski's communication dated October 17,

13   2007, in which you have conditionally accepted

14   the tender of the Defence.  Does this refresh

15   your recollection as to whether or not Domtar

16   accepted the tender of the Cieslek Defence?

17        A.      It appears that we did conditionally

18   accept it.

19        Q.      And in fact in that case

20   Weyerhaeuser was dismissed without prejudice and

21   Domtar was substituted in as the Defendant?

22        A.      It does appear to be the case, yes.

23        Q.      And does this refresh your

24   recollection in terms of what any of the material

25   factors might have been in your determination to
```

1                   ANIA BRZEZINSKI

2  accept the tender of the Cieslek Defence?

3       A.     Not particularly.  Again, this is a

4  conditional defence, so I am not sure what the

5  specifics were.

6                 Exhibit 165 was marked for

7  identification.

8  BY MS. CHYZ:

9       Q.     Take a look at what has been marked

10  as Exhibit 165, which is an e-mail chain which

11  starts on the next to last page, number 10781.

12  It starts with an e-mail from Ryan Shaughnessy

13  who appears to be from Liberty Mutual to David

14  Orr.  Do you know who David Orr is?

15       A.     He is, I think, a health and safety

16  person at Domtar.

17       Q.     Okay.  So it's a message from

18  Liberty Mutual to David Orr at Domtar forwarding

19  an occupational hearing loss claim for Raymond

20  Kuklinski, and then over time this gets routed by

21  you.  And on October 24, 2007, looking at the

22  e-mail on page -- the page that's marked 10779,

23  Kim Rogerson sent this to you and says:

24                    "I guess our only remaining

25                     issue would be to confirm

1                    ANIA BRZEZINSKI

2                    "How we could evaluate the

3                    ultimate liability of Domtar's

4                    portion of the claims so

5                    Domtar could adjust its

6                    internal reservation. Greg,

7                    your assessment was we didn't

8                    have enough detail to assess."

9            So she has been working with Jim.

10    Are you aware of the status of Domtar's reserves

11    at the time of this e-mail in April 2012?

12         A.    No.  I am not even copied on this

13    e-mail.  I don't know.

14         Q.    Okay. Separate from this e-mail in

15    terms of your working with Kim Rogerson and

16    looking at the possible buy-out of the workers

17    compensation claims, were you aware in April of

18    2012 of the status of Domtar's reserves?

19         A.    I don't know about April.  I think

20    we saw an earlier Exhibit where she was

21    mentioning to me what the reserve was, and I

22    think that was in December, but I don't know

23    about April.

24         Q.    Okay.  Did you have any

25    conversations with Kim Rogerson in this time

```
1                    ANIA BRZEZINSKI

2   frame of April 2012 about any progress she was

3   making toward working toward a buy-out of the

4   workers compensation claims?

5        A.    I specifically don't recall.

6        Q.    Okay.

7               Exhibit 196 was marked for

8   identification.

9   BY MS. CHYZ:

10        Q.    Take a look at what has been marked

11   as Exhibit 196 and tell me what this is.

12        A.    It's another tender.

13        Q.    So this is a tender from

14   Weyerhaeuser to Domtar of a workers compensation

15   claim on behalf of Samuel Burnett?

16        A.    That's what it appears to be, yes.

17        Q.    And this was directed to you on

18   April 10, 2012.  Do you recall receiving this

19   from Weyerhaeuser on or about April 10, 2012?

20        A.    Not specifically.

21        Q.    Okay.  Do you have any doubt that

22   you received that from Weyerhaeuser --

23        A.    I don't have a reason to doubt.

24        Q.    -- on or about April 10, 2012?

25        A.    No.
```

1              ANIA BRZEZINSKI

2              Exhibit 197 was marked for

3    identification.

4    BY MS. CHYZ:

5         Q.    Take a look at what's been marked as

6    Exhibit 197 and tell me what this is.

7         A.    It's a cover letter e-mail from

8    Nathalie Aubin to Conrad, and it has the

9    rejection of the tender attached.

10        Q.    Okay.  So you are rejecting the

11   tender of the Burnett workers compensation claim?

12             MR. KUBEK:  Objection.  It appears

13   actually to relate to David Spencer Smithwick.

14             MS. CHYZ:  Look at the next page.

15             MR. KUBEK:  Sorry.

16             THE WITNESS:  We are rejecting both.

17   BY MS. CHYZ:

18        Q.    You are rejecting the tender of

19   both the Smithwick claim and the Burnett claim;

20   correct?

21        A.    It appears so, yes.

22        Q.    And where do you say in your letter

23   that the issue of the allocation of liability for

24   non-transferred employees is a matter that has

25   been resolved by the parties?

```
 1                    ANIA BRZEZINSKI
 2              MR. KUBEK:  Objection.  The document
 3    speaks for itself.  You can answer.
 4              THE WITNESS:  I do not mention it in
 5    the document.
 6    BY MS. CHYZ:
 7         Q.    And where did you cite Anne
 8    Giardini's letter dated November 26, 2008?
 9              MR. KUBEK:  Same objection.
10              THE WITNESS:  I don't cite Anne
11    Giardini's letter.
12              Exhibit 198 was marked for
13    identification.
14    BY MS. CHYZ:
15         Q.    Take a look at what has been marked
16    as Exhibit 198, which is an e-mail from Conrad
17    Smucker to you dated May 15, 2012 in response to
18    Domtar's rejection of the Smithwick and Burnett
19    workers compensation claims. Is that correct?
20         A.    That's correct.
21         Q.    And Mr. Smucker says that -- that:
22                    "Weyerhaeuser is hereby
23                    assuming the defence of the
24                    Smithwick and Burnett workers
25                    compensation claims and hereby
```

1                    ANIA BRZEZINSKI

2    testimony yesterday that perhaps there is a

3    different view or perhaps there is a separate

4    question about whether Domtar was required to pay

5    for internal costs generated by Weyerhaeuser.

6    And I hadn't understood that to be the claim, the

7    latter, but I just am not sure now after this

8    testimony.  I wanted to be clear.

9              MS. CHYZ:  And I was just cautious,

10   because she seemed to be qualifying her answer.

11   BY MS. CHYZ:

12        Q.    Are you aware of any basis for

13   Domtar to dispute its obligation to pay

14   administration fees charged by third-party

15   administrators for the administration of workers

16   compensation claims that are Domtar's

17   responsibility?

18        A.    No, and to my knowledge, the

19   invoices that we got from SRS or Sedgewick were

20   paid.

21        Q.    Okay.  Have you prepared any factual

22   summaries to be used in preparing Domtar

23   Witnesses for deposition testimony?

24        A.    I have not.

25        Q.    Let's take a five-minute break so I

1                     ANIA BRZEZINSKI

2      can see if I have covered everything.

3                     Upon recessing at 3:45 p.m.

4                     Upon resuming at 3:53 p.m.

5      BY MS. CHYZ:

6           Q.     Let's look at Exhibit 163.  Take a

7      look at Exhibit 163, which is the Cieslek claim

8      that was tendered by Weyerhaeuser.  And my

9      recollection of the testimony is that Domtar

10     accepted the tender of this claim; correct?

11          A.     I believe that's what I said.

12          Q.     Okay.  Look at 164, and that will

13     refresh your recollection about Domtar's

14     acceptance of the tender of the Cieslek claim.

15     So looking at 163, this is a claim that was

16     tendered by Weyerhaeuser that Domtar accepted;

17     correct?

18          A.     Initially accepted, yes.

19          Q.     Do you know whether that initial

20     acceptance was ever reversed?

21          A.     I don't recall.

22          Q.     And if you look at the facts of the

23     Cieslek claim, this was an employee -- look at

24     page 4115.

25          A.     4115?

```
 1                    ANIA BRZEZINSKI

 2       Q.     Yes.  Down at the bottom, 4115.

 3       A.     Yes.

 4       Q.     So it says that the Plaintiff in

 5  paragraph two:

 6                    "The Plaintiff was employed by

 7                    Defendant Weyerhaeuser Company

 8                    and worked at said premises

 9                    from 1984 to 2003."

10             So this is an employee claim;

11  correct?

12       A.     That's what it says.

13       Q.     And if you look at page 4118, it's a

14  claim -- paragraph five says it's a claim for

15  asbestos exposure and the development of

16  asbestos-related disease as a result.  And tell

17  me how Domtar's acceptance of the tender of the

18  Cieslek claim in 163 is consistent with its

19  rejection of the tender of the Wesner claim.

20             MR. KUBEK:  Objection.  Calls for

21  speculation.  It may call for consideration of

22  information not in front of the Witness, but you

23  can answer.

24             THE WITNESS:  I think I even

25  mentioned this earlier when you first asked me
```

1                    ANIA BRZEZINSKI

2    this.  At this point we had purely looked at this

3    as a civil claim and not as a transferred -- or

4    non-transferred employee workers compensation

5    claim perspective.

6    BY MS. CHYZ:

7        Q.     And when did that analysis change?

8        A.     Specifically, I can't recall.  It

9    probably evolved, but I would imagine it -- I

10   can't recall when it specifically changed.

11       Q.     Okay.  And the change -- after the

12   change, then non-transferred employee tenders are

13   rejected -- non-transferred employee claims are

14   rejected for employee claims, regardless of the

15   forum.  Is that what you are saying?

16       A.     Because the appropriate forum should

17   be workers compensation, and that there should be

18   a workers compensation bar against any civil

19   action brought against any employer, so they

20   should be raising a workers compensation claim

21   and not pursuing the employer otherwise.

22       Q.     What if it's in a State where there

23   is not a workers compensation bar?

24       A.     What if it's -- oh, in a State?

25       Q.     What if the claim is brought in a

1                    ANIA BRZEZINSKI

2    State that does not have a workers compensation

3    bar?

4         A.    I am not aware of what those States

5    would be and if they would be applicable to the

6    jurisdictions we are dealing with.

7         Q.    Have you looked into that issue?

8         A.    We have not gone State by State to

9    look at things.

10        Q.    Okay.  When the cases that have --

11   cases have been tendered to you that are in

12   litigation rather than in workers compensation,

13   have you looked at those particular States to see

14   if there is a workers compensation bar?

15        A.    I think I would have spoken with

16   outside Counsel.

17             MR. KUBEK:  And I am going to object

18   to any testimony concerning discussions with

19   Counsel.

20   BY MS. CHYZ:

21        Q.    Okay. Let pull out Exhibits 134 --

22             MR. KUBEK:  Some of these are from

23   yesterday.

24             MS. CHYZ:  134 is from yesterday,

25   sorry.  And then 191, 193, 197, 200 and 205.

```
 1                    ANIA BRZEZINSKI

 2   BY MS. CHYZ:

 3        Q.    Okay.  So take a look at these

 4   Exhibits that are now in front of you and, for

 5   the record, they are Exhibits 134, 191, 193, 197,

 6   200 and 205, and we have talked about these

 7   before.  Do you recognize these Exhibits?

 8        A.    Yes.

 9        Q.    Okay.  And these all appear to be

10   correspondence that you have prepared that

11   rejects the tender of claims made by Weyerhaeuser

12   for non-transferred employee workers compensation

13   claims; correct?

14        A.    Correct.

15        Q.    And in these responses you cite

16   section 2.03 (a)(vii) of the contribution and

17   distribution agreement, and you cite section 6.08

18   (a)(iii) of the amended and restated transaction

19   agreement, and we have already talked about the

20   fact that you don't say in here that Domtar's

21   view is that the matter has been resolved, and

22   you don't cite in here to Anne Giardini's

23   November 26, 2008 letter.  And my question for

24   you is:  Why, in all of these responses over all

25   of this time, do you never say that Domtar feels
```

# Exhibit C

# EXHIBIT C HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit D

**McGuireWoods LLP**
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Stephen D. Busch
Direct: 804.775.4378

EXHIBIT

164

JUNE 10/15

INS 1619
(Cieslek)

MCGUIREWOODS

sbusch@mcguirewoods.com
Direct Fax: 804.698.2024

October 25, 2007

Conrad J. Smucker, Esquire
Senior Legal Counsel
Weyerhaeuser Company
Law Department – MS: CH 1J28
P. O. Box 9777
Federal Way, Washington 98063-9777

RECEIVED

OCT 3 0 2007

LAW DEPARTMENT

> **Weyerhaeuser ads. Philip Cieslek**
> **INS 1619**

Dear Conrad:

    I am writing to provide you with a report concerning this case. As you know, Weyerhaeuser was served with the complaint, and you subsequently tendered the case to Domtar. We received a copy of Ania Brzezinski's communication to you dated October 17, 2007, in which she has conditionally accepted the tender of the defense. Since that time, A.J. Bronsky has spoken with plaintiff's counsel concerning the procedural issues necessary to substitute Domtar as a proper party defendant in lieu of Weyerhaeuser. Plaintiff's counsel has agreed to dismiss the case against Weyerhaeuser without prejudice. Plaintiff will substitute Domtar Paper Company, LLC into the case as a new defendant.

    We will provide you with a copy of the Order dismissing Weyerhaeuser in due course to conclude our work in this case for Weyerhaeuser. Should you have any questions in the interim, please contact me.

    With best regards,

Sincerely yours,

Stephen D. Busch

SDB/tjp
Enclosure

\842926.1

WEY00030573

*INS 01619*

*T Cieslek*

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

PHILIP CIESLEK,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No. 07-L-794
                                       )
A.W. CHESTERTON, INC., et al.,         )
                                       )
            Defendants.                )

### STIPULATION FOR DISMISSAL

IT IS HEREBY STIPULATED and agreed by and between the parties hereto, by their

respective counsel, that the above-entitled action be dismissed without prejudice as to Defendant

WEYERHAEUSER COMPANY only, and with each party to bear its own costs.

SIMMONSCOOPER, L.L.C.                          BROWN & JAMES, P.C.

By: _____                   By: _____
    Shane F. Hampton, # 6275073                    A. J. Bronsky, # 6181947
    707 Berkshire Boulevard                        1010 Market Street
    East Alton, Illinois 62024                     20th Floor
    (618) 259-2222                                 St. Louis, Missouri 63101-2000
    (618) 258-8585 (facsimile)                     (314) 242-5324
    ATTORNEYS FOR PLAINTIFF                         (314) 242-5524 (facsimile)
    PHILIP CIESLEK                                 ATTORNEYS FOR DEFENDANT
                                                   WEYERHAEUSER COMPANY

### ORDER

This cause coming on before the Court and the Court being fully advised of the premises,

IT IS HEREBY ORDERED that the above action be and the same is hereby dismissed without

prejudice as to WEYERHAEUSER COMPANY only. Each party to bear its own costs.

SO ORDERED:

DATED: **JAN 0 7 2008**        _____
                               JUDGE

*FILED*
*JAN 0 7 2008*
*CLERK OF CIRCUIT COURT*
*THIRD JUDICIAL CIRCUIT*
*MADISON COUNTY, ILLINOIS*

\4904101.1

WEY00030574

# Exhibit E

**EXHIBIT E HAS BEEN REDACTED IN ITS ENTIRETY**

# Exhibit F

EXHIBIT
197
JUNE 10/15

| | |
|---|---|
| **From:** | Aubin, Nathalie |
| **To:** | conrad.smucker@weyerhaeuser.com |
| **CC:** | Rogerson, Kim; Barfield, Marty |
| **Sent:** | 4/18/2012 6:12:38 PM |
| **Subject:** | Weyerhaeuser's Tender of The Smithwick and Burnette Workers Comp Matters |
| **Attachments:** | Tender of Worker's Compensation Claim_David Spencer Smithwick.pdf; Tender of Worker's Compensation Claim_Samuel Burnett.pdf |

Mr. Smucker,

Attached please find correspondence relating to Weyerhaeuser's tender of the Smithwick and Burnett workers compensation matters.

Regards,

**Nathalie Aubin**
Administrative Assistant
Adjointe administrative
T 514-848-5555 X 85915 | F 514-848-6850

 **Domtar**
395 de Maisonneuve Blvd. West
Montreal, QC  H3A 1L6 Canada

**Domtar**
395, boul. de Maisonneuve Ouest
Montréal QC  H3A 1L6 Canada

Paper informs us, persuades us, educates us and organizes us. It's OK to use paper. <u>Learn More.</u>
Le papier permet d'informer, de persuader, d'éduquer et d'organiser. C'est bien d'utiliser du papier. <u>Pour en savoir davantage.</u>

Ce message est à l'usage exclusif de son destinataire et est soumis à l'avis de confidentialité de Domtar.
This email is for the exclusive use of the addressee and is subject to Domtar Confidentiality Notice.

Confidential



Domtar Inc.
395 de Maisonneuve Blvd. West
Montreal, QC  H3A 1L6
T 514-848-5555
www.domtar.com

April 18, 2012

VIA EMAIL

Conrad Smucker, Esq.
Chief Competition Counsel &
Senior Legal Counsel
33663 Weyerhaeuser Way South
Federal Way, Washington 98003

Re:     Tender of Workers' Compensation Claim on behalf of *David Spencer Smithwick*

Dear Conrad:

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement, Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees. According to the information provided on the Form 18B that was attached to your letter dated April 10, 2012, Mr. Smithwick was an employee of Weyerhaeuser's from 1969 to 2005. Mr. Smithwick was not an employee as of March 7, 2007 and, as such, does not fall under the definition of Transferred Employees as set forth under Section 6.09(a)(i) of the Amended and Restated Transaction Agreement.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for this workers' compensation claim filed by Mr. Smithwick and we therefore decline to assume this claim.

Very truly yours,

Ania Brzezinski
Senior Director, Legal Services

cc: Marty Barfield
    Kim Rogerson

Confidential



Domtar Inc.
395 de Maisonneuve Blvd. West
Montreal, QC  H3A 1L6
T 514-848-5555
www.domtar.com

April 18, 2012

VIA EMAIL

Conrad Smucker, Esq.
Chief Competition Counsel &
Senior Legal Counsel
33663 Weyerhaeuser Way South
Federal Way, Washington 98003

Re:     Tender of Workers' Compensation Claim on behalf of *Samuel Burnett*

Dear Conrad:

Under Section 2.03(a)(vii) of the Amended and Restated Contribution and Distribution Agreement, Domtar assumed all employment and employee benefit-related Liabilities with respect to Transferred Employees. According to the information provided on the Form 18B that was attached to your letter dated April 10, 2012, Mr. Burnett was an employee of Weyerhaeuser's from 1972 to 2006. Mr. Burnett was not an employee as of March 7, 2007 and, as such, does not fall under the definition of Transferred Employees as set forth under Section 6.09(a)(i) of the Amended and Restated Transaction Agreement.

Accordingly, we do not believe that Domtar has an obligation to indemnify Weyerhaeuser for this workers' compensation claim filed by Mr. Burnett and we therefore decline to assume this claim.

Very truly yours,

Ania Brzezinski
Senior Director, Legal Services

cc: Marty Barfield
    Kim Rogerson

Confidential                                                    DOMWEY00006509